NIGHT BOX FILED
JAN 31 2000
CLERK, USDC / SDFL / WPB

00-6153

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00- ~~[redacted]~~
CIV-ZLOCH
MAGISTRATE JUDGE
SORRENTINO

ADRIAN MCDONALD,
    Petitioner,

vs.

MICHAEL W. MOORE,
    Respondent.

CASE NO. _____
TO BE SUPPLIED BY THE CLERK

ARGUMENTS OF PETITIONER MEMORANDUM OF LAW
IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS
CORPUS

By: _Adrian McDonald_
Adrian McDonald #082165
Mail #4842
Desoto Correctional Institution
P.O. Drawer 1072
Arcadia, Florida 34265

In Pro Se

1/13

## ARGUMENT

### POINT ONE

INEFFECTIVE ASSISTANCE OF COUNSEL.

Petitioner was deprived of effective assistance of trial counsel when his trial counsel failed to file a timely motion to dismiss count one, Delivery of Cocaine, prior to trial where the the allegation and the evidence clearly established that Petitioner did not delivery any cocaine to Detective R. Askintowicz, and clearly showed that co-defendant, Robert Mauney, approached Detective R. Askintowicz and asked Detective R. Askintowicz "What do you need?", and Detective R. Askintowicz responded that he wanted a ten cent piece, and co-defendant, Robert Mauney turned and walked over to petitioner, and Petitioner reached into his waistband and retrieved one piece of crack-cocaine and put it in co-defendant, Robert Mauney's, hand, and co-defendant, Robert Mauney then delivered the crack-cocaine to Detective R. Askintowicz for an exchange of ten dollars (R.1).[1]

As can readily be seen from the evidence as outlined above, it clearly shows that Petitioner did not deliver any cocaine to Detective R. Askintowicz, and shows at best that Petitioner was in possession of cocaine.

The absence of a timely motion to dismiss count one, Delivery of Cocaine prior to trial was crucial. It allowed the state on the day of trial, after the jury had been selected and sworn to make an orally motion to amend count one, Delivery of Cocaine, to include Florida Statute 777.011, the principle (TR.77),[2] and to argue

---

[1] The symbol "R" refers to the Records
[2] The symbol "TR" refers to the Trial Transcripts

(1)

the principle theory to the jury during closing argument and this harmful aspect was used by the jury to infer of Petitioner.

Petitioner asserts that had trial counsel filed a timely motion to dismiss count one, Delivery of Cocaine, there's a reasonable probability the motion would have been granted by the trial Court. Moreover, Petitioner further avers that if the motion would have been denied by the trial Court, his trial counsel could and should have requested a jury instruction for independent acts and there's a reasonable probability that the jury would have execised its jury pardon and found Petitioner not guilty of count one, Delivery of cocaine.

Petitioner asserts that his allegation of ineffective assistance of counsel meets the test established by the United State's Supreme Court in <u>Strickland vs Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); in that he has shown that counsel performance was deficient and that this deficient performance was highly prejudicial towards Petitioner right to a fair trial and affected its outcome.

## ARGUMENT

## POINT TWO

### INEFFECTIVE ASSISTANCE OF COUNSEL.

Petitioner was deprived of effective assistance of trial counsel during the plea negotiation prior to the commencement of trial when his trial counsel failed to bring to the trial Court and the prosecutor's attention that a habitual offender sentence was exempt from the operation of the sentencing guidelines after the prosecutor offered a plea for the top of the guidelines for 34.625 months imprisonment in the Tier Program as a habitual offender (TR.5).

Petitioner asserts that Section 775.084 (4)(e), Florida Statutes (1997), exempts sentences imposed under the habitual offender statute from the operation of the sentencing guidelines. see: <u>Holley vs State</u>, 577 So.2d 624 (Fla. 1st DCA 1991); <u>Owens vs State</u>, 560 So.2d 1261 (Fla. 1st DCA 1990); <u>King vs State</u>, 557 So.2d 899 (Fla. 5th DCA 1990).

Since the law in Florida is thus well settled that a habitual offender sentence is exempt from the operation of the sentencing guidelines, and had trial counsel brought this information and the above cited case law to the attention of the trial Court and the prosecutor during the plea negotiation after the prosecutor offered the plea and sentence, there's a reasonable probability that the prosecutor would have excluded the habitual offender status from the sentence offered, and Petitioner asserts that he would have pled guilty to the charges in exchanged for the 34.625 months im-

(3)

prisonment in the Tier Program as a non-habitual offender and there's a reasonable probability the trial Court would have agreed to such a sentence and Petitioner would have received a sentence less than the twenty (20) year imprisonment as an habitual felony offender to be followed by ten (10) years probation to run concurrent that he is currently serving.

    Petitioner asserts that his allegation of ineffective assistance of counsel meets the test established by the United States Supreme Court in <u>Strickland vs Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); in that he has shown that counsel performance was deficient and that this deficient performance affected the outcome of the proceeding.

## ARGUMENT

### POINT THREE

PETITIONER'S SENTENCE FOR DELIVERY OF COCAINE IS DISPROPORTIONAL.

Petitioner asserts that his twenty (20) year sentence as an habitual felony offender to be followed by ten (10) years probation for his conviction for Delivery of Cocaine, is disproportional because he was less culpable than co-defendant, Robert Mauney, and co-defendant, Robert Mauney received a sentence of two (2) years community control house arrest and drug evaluation classes in a plea bargain (R. 27-31, TR. 307, TR. 185-186, 192, 195). Co-defendant, Robert Mauney testified that he had been convicted of a felony three times (TR. 191). Co-defendant, Robert Mauney, three felony convictions qualified him as an habitual felony offender pursuant to Section 775.084, 1, Florida Statute (1997)

The Florida Supreme Court have stated:

> "We pride ourselves in a system of justice that requires equality before the law. Defendants should not be treated differently upon the same or similar facts. When the facts are the same, the law should be the same." <u>Slater vs State</u>, 316 So. 2d 539, 542 (Fla. 1975).

In this instant case, the evidence established that on July 15, 1997 around 9:00 o'clock in the evening, Detective R. Askinowicz, while working as an undercover

(5)

office to buy drugs off people in a bust buy in the 4800 block of Dixie Highway, with backup unit of the S.E.T. Team, (Strategic Enforcement Team), Detective Matt Baldwin and Detective Steve Cady, and when Detective R. Askinowicz pulled into the Circle K in an unmarked car, co-defendant, Robert Mauney and an individual named Grady Eaford, approached Detective R. Askinowicz, and co-defendant, Robert Mauney, asked Detective R. Askinowicz "What do you want?" and Detective R. Askinowicz said, "A ten cent piece (TR. 106-107, 115-116). Grady Eaford then walked away (TR. 116). Petitioner was about fifteen, twenty, twenty-five feet away (TR.116). Co-defendant, Robert Mauney, went towards Petitioner and they spoke for a while and Petitioner looked at Detective R. Askinowicz, reached in his waistband, removed something and put it inside co-defendant, Robert Mauney, hand, and co-defendant, Robert Mauney, walked back towards Detective R. Askinowicz and gave Detective R. Askinowicz a piece of white rock cocaine and Detective R. Askinowicz gave co-defendant, Robert Mauney, a ten dollar bill (TR. 108). Detective R. Askinowicz then left the area, and said over the radio the description of the suspects and he told the backup unit to move in and consequently Petitioner and co-defendant, Robert Mauney was arrested (TR. 108).

Petitioner asserts that from the above quoted portion of the record, the evidence clearly shows that co-defendant, Robert Mauney, was the prime instigator and was more culpable than Petitioner.

In case or cases very similar to this case where defendant received disproportional sentence because he was less culpable than co-defendant have been resolved see, <u>Hazen vs State</u>, 700 So. 2d 1207 (Fla. 1997).

In <u>Hazen</u>, the Florida Supreme Court remanded the defendant's sentence of death that was disproportional because he was less culpable than co- de-

(6)

fendant, Buffkin, and co-defendant Buffkin, received a sentence of Life imprisonment without possibility of parole for twenty-five years in a plea bargain with instruction that the trial court resentence the defendant to Life imprisonment without possibility of parole for twenty-five years for first degree felony murder.

Therefore, in this instant case, co-defendant, Robert Mauney, two (2) year sentence of community control house arrest and drug evaluation classes in plea bargain precludes a twenty (20) year sentence as a habitual felony offender to be followed by ten (10) years probation for Petitioner, and thus, Petitioner must be resentenced to two (2) years community control house arrest and drug evaluation classes for count one, Delivery of Cocaine.

(7)

## ARGUMENT

### POINT FOUR

### ILLEGAL HYBRID HABITUAL SENTENCE.

During the sentencing proceeding in this cause, the trial Court declared Petitioner as an habitual felony offender and rejected the State's request for a thirty (30) year sentence as an habitual felony offender as to count one, delivery of Cocaine, and instead sentenced Petitioner to twenty (20) years imprisonment as a habitual felony offender to be followed by ten (10) years probation (R. 27-31, TR. 307). See also: Exhibit (A) attached hereto.

As can readily be seen from the above quoted portion of the record, the trial Court did not state during its oral sentencing pronouncement that it sentenced Petitioner as an habitual felony offender for his ten (10) years of probation, therefore Petititioner twenty (20) year sentence of imprisonment as a habitual offender status followed by ten (10) years probation without habitual offender status is improper hybrid habitual sentence. See: <u>Albech vs State</u>, 634 So. 2d 254 (Fla. 2d DCA 1994); <u>Pankhurst vs State</u>, 632 So. 2d 142 (Fla. 2d DCA 1994). Defendant must be treated as habitual offender under both portions or neither portion of split sentence including imprisonment portion and probation portion. See: <u>Davis vs State</u>, 623 So. 2d 547 (Fla. 2d DCA 1993); <u>Branton vs State</u>, 620 So. 2d 1073 (Fla. 2d DCA 1993).

Since the record in this instant case clearly shows that the trial Court sentenced Petitioner to twenty (20) years imprisonment as a habitual felony offender to be followed by ten (10) years probation is improper hybrid habitual sentence, and

(8)

Petitioner's ten (10) year probation must be stricken or he must be resentenced without habitual offender status and within the sentencing guidelines to 23.175 minimum prison months or 34.625 maximum prison months.

### RELIEF REQUESTED

WHEREFORE, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this procceding.

Respectfully submitted,

Adrian McDonald

Adrian McDonald # 082165

Mail # 4842

Desoto Correctional Institution

P.O. Drawer 1072

Arcadia, Florida 34265

In Prose

### OATH

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27 day of January 2000.

Adrian McDonald

Adrian McDonald # 082165

(9)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Arguments of Petitioner Memorundum of Law in support of his Petition for Writ of Habeas Corpus has been furnished Office of the Attorney General, Criminal Section, Department of Legal Affairs, 1655 Palm Beach Lake Blvd., Third Floor, West Palm Beach, Florida 33401-2299 by U.S. Mail delivery this 27th day of January, 2000.

*Adrian McDonald*
Adrian McDonald #082165

(10)

EXHIBIT (A)

```
1   felonies.  But if I were to give him thirty years
2   compared to an individual who had violence in his
3   past, I don't think that would be fair.
4        Okay.  Having been declared to be a habitual
5   felony offender, what are the guidelines?
6        MS. MAYERSOHN:  The guidelines without being a
7   habitual?
8        THE COURT:  Without.
9        MS. MAYERSOHN:  23.175 to 38.625 months prison
10  with the middle 30.9.
11       THE COURT:  Those guidelines are well away
12  from what would be fair to the people in the state
13  considering the four prior felony convictions so I
14  would have to utilize the habitual felony status.
15       Okay in Case No. 97-13822CF, count one is
16  delivery of cocaine.  As to that crime I
17  adjudicate him to be guilty.  He was already
18  declared to be a habitual felony offender.  I
19  sentence him to twenty years Florida State Prison
20  as a habitual felony offender.  That is followed
21  by ten years of probation.
22       Count two is possession of cocaine.  He is
23  not a habitual felony offender on that count
24  because the law prohibits that, but I do
25  adjudicate guilty of that him and I sentence him
```