IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADRIAN McDONALD,
    Petitioner,

vs.

MICHAEL W. MOORE,
    Respondent(s).

CASE NO: 00-6153-CIV- ZLOCH
MAGISTRATE JUDGE SORRENTINO

RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS/
MEMORANDUM OF LAW

COMES NOW Respondent, THE STATE OF FLORIDA, by and through the undersigned

counsel, pursuant to Rule 5, Rules Governing Section 2254 Cases in the United States District

Court, and this honorable court's order dated March 1, 2000, hereby files this response to the

petition for writ of habeas corpus, respectfully requests that all relief be denied, and as grounds

states:

I.

PROCEDURAL HISTORY

Petitioner was charged in a two count Information with: Count 1, Delivery of Cocaine; and Count

2, Possession of Cocaine. (Exhibit 1) After trial by jury, Petitioner was found guilty on both counts.

(Exhibit 2) On February 13, 1998, the trial court sentenced Petitioner to twenty (20) years in state

prison to be followed by ten (10) years probation, as a habitual offender, for count one and to five

(5) years in prison for count two and provided for sixty-seven (67) days credit on each of the two

sentences. (Exhibit 3) Petitioner filed his Notice of Appeal on February 27, 1998. (Exhibit 4)



After reviewing the Initial and Answer briefs submitted by Petitioner and the State, (Exhibit 5) the Fourth District Court of Appeal affirmed the decision of the lower court on November 25, 1998. Adrian McDonald v. State, 727 So. 2d 941 (Fla. 4th DCA 1998). (Exhibit 6)  The Mandate was subsequently issued on December 11, 1998. (Exhibit 7)

Petitioner filed his Motion for Post-Conviction Relief under Rule 3.850 on January 7, 1999 accompanied by the supporting Memorandum of Law. (Exhibit 8)  The State then filed its Response to Petitioner's motion. (Exhibit 9)  This motion was denied by the trial court, on July 26, 1999. (Exhibit 10) Upon denial of his Rule 3.850 motion, Petitioner filed his motion for rehearing and/or reconsideration. (Exhibit 11)  This motion was likewise denied on September 28, 1999. (Exhibit 12) Petitioner then filed his Notice of Appeal on October 8, 1999. (Exhibit 13)  The Fourth District Court of Appeal affirmed the lower court's denial of Petitioner's Rule 3.850 motion on December 22, 1999, 4th DCA No. 99-3870. (Exhibit 14)  The Mandate was subsequently issued on January 21, 2000. (Exhibit 15)

On January 31, 2000, Petitioner filed the Writ of Habeas Corpus now before this Honorable Court.

II.

STATUTE OF LIMITATIONS

The newly enacted time limit provision of 28 U.S.C. §2244(d).  In pertinent part, provides:

(d)(1) A 1 year time period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Response: Page 2

(B) the date on which the impediment to filing
an application created by State action in violation
of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by
such State action;

(C) the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the
right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence.

Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. No. 104-132, 110 Stat.

1214, codified as amended at 28 U.S.C. §2244.  The Act became effective on April 24, 1996, the

date on which the law was enacted.  Hatch v. Oklahoma, 92 F.3d 1012, 1014 n.2., citing, Bradshaw

v. Story, 86 F.3d 164, 166 (10th Cir. 1996).   The United States Supreme Court addressed the

AEDPA's constitutionality as applied to pending habeas cases and held that the AEDPA may be

applied to habeas cases filed after its effective date.  Lindh v. Murphy, ___ U.S. ___, 117 S.Ct. 2059,

138 L.Ed.2d 481 (1997).

The one year statute of limitations is tolled while post-conviction or collateral proceedings are

pending.  Lovasz v. Vaughn, 134 F. 3d 146, 149 (3rd Cir. 1998).   Time elapsing while post-

conviction proceedings are pending shall not count toward the one year period of limitation.  28

U.S.C. §2244 (d)(2).  In the same vein, time elapsing while post-conviction proceedings are not

pending, counts toward Petitioner's one year time period in which to file this petition.

Petitioner's was sentenced on February 13, 1998.  He filed his notice of appeal on February 27,

1998.   The mandate in his direct appeal was issued on December 11, 1998.  He subsequently filed

his Rule 3.850 motion on January 7, 1999. Thereafter, the mandate on Petitioner's 3.850 appeal was issued on January 21, 2000. The current Writ was filed on January 31, 2000. Thus, as only 35 untolled days have passed since Petitioner's conviction became final, his petition is timely.

## III.

## EXHAUSTION AND PROCEDURAL BAR

In his petition for writ of habeas corpus, Petitioner is challenging the validity of his State convictions and sentences for possession and delivery of cocaine. In the instant petition, he raises three issues he raised on his Rule 3.850 motion before the Fourth District Court of Appeal and a fourth issue which the State submits was not properly presented in his Rule 3.850 motion. The four issues as raised in the instant petition are as follows:

> Ground one: Whether the Petitioner was denied effective assistance of counsel when his trial counsel failed to file a timely motion to dismiss count one, delivery of cocaine, of the information.

> Ground two: Whether the Petitioner was denied effective assistance of counsel when his trial counsel failed to argue, during the plea negotiations prior to the commencement of trial, that a habitual offender sentence was exempt from the operations of the sentencing guidelines.

> Ground three: Whether the Petitioner's sentence for delivery of cocaine was disproportionate when compared to the sentence received by his co-defendant.

> Ground four: Whether the Petitioner's twenty (20) year sentence of imprisonment followed by ten (10) years on probation for the delivery of cocaine charge is an illegal hybrid sentence.

The State submits that these grounds as promoted by Petitioner are not based upon violations of the United States Constitution and are therefore not cognizable under 28 U.S.C. s. 2254. In so far

as ground one, Petitioner has not shown that his alleged denial of effective assistance arose to the level of denying him a fair trial. To the contrary, the facts as asserted by Petitioner in the instant petition clearly show that there was no basis for seeking dismissal of the charge. Therefore, Petitioner's counsel could not have failed to provide effective counsel in failing to seek dismissal of this charge. In so far as grounds two, three, and four as asserted by Petitioner, these grounds all deal with state sentencing issues. Petitioner has not presented these three grounds to be violations of the United States Constitution but simply as instances where the State has not adhered to it's own sentencing procedures. As such, Petitioner has failed to assert a cognizable ground for relief in any of his four asserted grounds. Thus, Petitioner's claims must be denied.

Issues raised in a federal petition for writ of habeas corpus must have been fairly presented in the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F. 2d 512 (11 Cir. 1983). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainright, 601 F. 2d 807, 808 (11 Cir. 1979).

However, the claims to be truly exhausted must have been previously raised in federal constitutional terms. Federal courts may intervene in a state's judicial process only to correct wrongs of constitutional dimensions. Estelle v. McGuire, 502 U.S. 62 (1991). But before a federal court may reach the merits of any issue raised in a habeas corpus petition, the state courts must be afforded an opportunity to review and address the alleged constitutional error. 28 U.S.C. Section 2254(b) and (c); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982); Atkins v. Attorney General of Alabama, 932 F.2d. 1430, 1431 (11th Cir. 1991) ("Generally, all habeas corpus claims seeking to overturn a state conviction in federal court must have been previously raised and

exhausted in the state court."). "[T]he exhaustion doctrine requires that the federal claim must have been presented to the highest court of the State, either on direct review of the conviction or in a post-conviction attack." Bufalino v. Reno, 615 F.2d. 568, 570 (5th Cir. 1980).

Claims which are not based upon a violation of the United States Constitution are not cognizable under 28 U.S.C. §2254. Barclay v. Florida, 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983); see also, Cross v. Cunningham, 87 F. 3d 586 (C.A. 1 (N.H.) 1996) (holding that nonconstitutional claims can only be raised on habeas if the alleged error results in a complete miscarriage of justice; even if New Hampshire violated the interstate agreement on retainers, same has nothing to do with securing a fair trial). When a prisoner fails to allege a deprivation of a federal right, §2254 does not apply. Engle v. Isaac, 71 L. Ed. 2d 783, 785 (1982); Guitierrez v. Griggs, 695 F. 2d 1195 (9 Cir. 1983).

Whereas Petitioner may have exhausted his state remedies as to the claims he presents since he raised some of these grounds in his Rule 3.850 motion and its subsequent appeal, Petitioner failed to set out his claims in federal constitutional terms, see Duncan v. Henry, 513 U. S. 364 (Jan. 23, 1995), and is therefore not entitled to relief.

Further, because the state's failure to adhere to its own sentencing guidelines is not reviewable by federal habeas corpus, Knapp v. Singletary, 864 F. Supp. 1186 (USDC MD 1994), Petitioner's claims herein are not reviewable by the federal courts. See also, Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (stating, "we have consistently held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures"); Machin v. Wainwright, 758 F.2d 1431 (11th Cir. 1985) (The area of state sentencing guidelines is a matter of pure state law and is therefore not cognizable in a federal habeas corpus action.)

Respondent, thus, submits that Petitioner has failed to assert any grounds cognizable in a federal habeas corpus action. In habeas corpus proceedings, the burden is <u>not</u> on the state to show that no constitutional right has been violated, **but on the petitioner** to demonstrate that he has been deprived of his constitutional rights. <u>Tollett v. Henderson</u>, 411 U.S. 258 (1973); <u>Booker v. Israel</u>, 610 F. Supp. 1310 (E.D. Wis. 1985). It is clear, therefore, that Petitioner is not entitled to the relief requested in this federal habeas corpus proceedings.

In addition to the above, as to ground three, the State submits that this ground has not been exhausted because in his appeal of his Rule 3.850 motion, Petitioner failed to raise this claim. The failure to raise the issue in the appeal of the post-conviction motion leads to an unexhausted claim. See, <u>Watson v. Dugger</u>, 945 F.2d 367, 371-372 (11th Cir. 1991) (the substance of the federal constitutional claim should be presented to the state court in order to exhaust the issue). Petitioner set forth <u>four</u> grounds for relief in his Rule 3.850 motion. Then, in his <u>memorandum of law</u>, Petitioner sets forth a <u>fifth</u> ground for relief that alleged that his sentence on Count I was disproportional when compared to that of his co-defendant. (See, Exhibit 5) Petitioner is now seeking to present this question as his third ground for relief in the instant petition.

In the instant case, Petitioner has never raised the issue presented in his third claim in state court. In addition, when, as in this case, the petition contains both exhausted and unexhausted claims, the Petition generally must be dismissed. <u>Rose v. Lundy</u>, 445 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Nevertheless, although Petitioner has the option to resubmit a Petition with only his exhausted claims or, alternatively, first exhaust the remainder of his claims, <u>Id.</u> at 509, 102 S.Ct. at 1204, Petitioner will be unable to exhaust his second claim in state court since the time to do so has expired. This is true since the mandamus has already issued on Petitioner's Rule 3.850 appeal and

a second motion would be deemed successive as Petitioner's failure to assert this ground in the prior motion would be constituting an abuse of procedure. See Rule 3.850(f). Consequently, Respondant submits that it would be futile to permit Petitioner to exhaust his third claim in state court and then re-file the instant Petition with the exhausted claims. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1989); rev'd on other grounds, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991); Lindsey v. Smith, 820 F.2d 1137, 1143 (11th Cir. 1987), cert. den., 489 U.S. 1059, 109 S.Ct. 1237, 103 L.Ed.2d 595 (1989). Therefore, Petitioner's third claim should be dismissed.

## IV.

## MERITS

Once again, the grounds raised by Petitioner in the instant petition are as follows:

Ground one: Whether the Petitioner was denied effective assistance of counsel when his trial counsel failed to file a timely motion to dismiss count one, delivery of cocaine, of the information.

Ground two: Whether the Petitioner was denied effective assistance of counsel when his trial counsel failed to argue, during the plea negotiations prior to the commencement of trial, that a habitual offender sentence was exempt from the operations of the sentencing guidelines.

Ground three: Whether the Petitioner's sentence for delivery of cocaine was disproportionate when compared to the sentence received by his co-defendant.

Ground four: Whether the Petitioner's twenty (20) year sentence of imprisonment followed by ten (10) years on probation for the delivery of cocaine charge is an illegal hybrid sentence.

In his first ground for relief, Petitioner states that he was deprived of effective assistance of

counsel when his trial counsel failed to file a timely motion to dismiss Count I, Delivery of Cocaine.

Petitioner states in his Memorandum of Law in support of his petition that he merely handed the

cocaine rock to his co-defendant who was the one who actually delivered the rock to the undercover

police officer.  Petitioner claims that since he did not actually deliver the rock he should not be

charged with same.   The Florida Supreme Court, in <u>Lovette v. State</u>, 636 So. 2d 1304, 1306 (Fla.

1994), stated, "felons, however, are generally responsible for the acts of their co-felons." citing to

<u>Adams v. State</u>, 341 So. 2d 765 (Fla. 1976) cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158

(1977) and continued that thought, "[o]ne who participates with another in a common criminal

scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or

she physically participates in that crime." citing, <u>Jacobs v. State</u>, 396 So. 2d 713, 716 (Fla. 1981)

Petitioner, in arguing in ground three that he was less culpable, relies upon <u>Hazen v. State</u>, 700 So.

2d 1207 (Fla. 1997) which is readily distinguishable based upon the facts of the crime committed.

The facts in <u>Hazen</u>, which involved a death sentence,  clearly show that the defendant in that case

was not as culpable as the other two defendants involved that series of crimes, as found by the court.

 In the instant case, there was only one criminal enterprise.  The facts here are equally clear of

Petitioner's role in that enterprise: Petitioner was the party who provided the cocaine that was

intended for the Officer.  Lastly, our Supreme Court has stated that where one acts in furtherance

of a common criminal scheme, he is guilty of that scheme.  See, <u>Lovette</u>, supra.  In the instant case,

as per the facts as stated by Petitioner in his Memorandum, upon learning what it was that the Officer

wanted, Petitioner provided from its place of concealment on his person.  Thus, it cannot reasonably

be argued that Petitioner did not act in furtherance of the crime of delivery of cocaine.

 In regards to his counsel's failure to seek dismissal of the charge amounting to ineffective

assistance of counsel, the State offers the standard enunciated in <u>Strickland v. Washington</u>. Before

a court can make a finding of ineffective assistance of counsel, Petitioner must satisfy the two-

pronged test established in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). First, Petitioner must prove that counsel's performance was deficient and fell below an

objective standard of reasonableness considering all the circumstances. 104 S.Ct. at 2064-65.

Judicial scrutiny must be "highly deferential" and "indulge in a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." <u>Id</u>. at 2065. Strategic

decisions are immune from attack. <u>Id</u>. at 2066.

Second, actual prejudice must be attributable to counsel and directly impact on the overall result

obtained. It is not sufficient to show that counsel's error had some "conceivable effect on the

outcome", but rather it must be proven with reasonable probability that "but for counsel's

unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 2068. There

must be a "probability sufficient to undermine confidence in the outcome." <u>Id</u>. Prejudice is

established only with a showing that the result of the proceeding was fundamentally unfair or

unreliable. <u>Lockhart v. Fretwell</u>, 506 U.S. ___, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

In evaluating prejudice, the court must be mindful that effective assistance does not mean error

free assistance. <u>Green v. Zant</u>, 738 F. 2d 1529, 1536 (11th Cir. 1984). Counsel's actions need not

be error free, just reasonable. <u>Lancaster v. Newsome</u>, 880 F. 2d 362, 375 (11th Cir. 1989).

It is well settled that the burden of proof for showing ineffective assistance of counsel is, and

remains, on the defendant. <u>Roberts v. Wainwright</u>, 666 F. 2d 517, 519 n.3 (11th Cir. 1982). See also,

<u>Jones v. Kemp</u>, 678 F. 2d 929, 932 (11th Cir. 1982). Thus, the burden is on petitioner to show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the case

would have been different. It is a burden which petitioner cannot meet.

In general, scrutiny of an attorney's performance is highly deferential. Reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. Strickland, supra, 466 U.S. at 689-90. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. Strickland, at 690-91. Cf. Poyck v. State, 694 So. 2d 686 (Fla. 1997)(defense counsel was not ineffective because he had adequate tactical reasons for limiting use of prison record during trial), cert. denied, 118 S. Ct. 559.

Petitioner's own statement submitted as part of the instant petition shows that he acted in furtherance of the crime. So he cannot reasonably argue that he is not equally guilty as his co-defendant. Thus, given that he is guilty of the charged offense as per his own statements, he cannot simply make the instant claim where he has no chance of prevailing. Thus, as Petitioner has also failed to proved either of the two Strickland prongs, he, now, cannot correctly claim that his counsel was in error for failing to seek dismissal of this charge. Petitioner has not shown that his counsel's performance was deficient nor that he was prejudiced by his counsel's actions. Therefore, the relief sought in regards to this issue must be denied.

In Petitioner's second ground for relief, he claims he was prejudiced because his counsel failed to argue, at plea negotiations prior to trial, that a habitual offender sentence was not within the operation of the sentencing guidelines. The State submits that the record clearly shows that Petitioner was declared to be a habitual offender and that he was sentenced, after trial by jury, as a habitual offender. (See, Exhibits 3 & 9)   As Petitioner was properly sentenced outside the guidelines, pursuant to s. 775.084(4) Fla. Statutes, he cannot claim that he was prejudiced because

he simply feels that the prosecutor thought that he could seek a habitual offender sentence within the sentencing guidelines. Thus, having failed to show that there is a violation of a Constitutional right and further it being clearly evident that there is a purely state sentencing issue here with no prejudice shown by Petitioner to himself, Petitioner's claim must be denied as not properly presented in the instant petition. See, Engle v. Issac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (where a petitioner fails to allege a deprivation of a federal right, s. 2254 does not apply.)

Petitioner's third ground for relief states that Petitioner's sentence was disproportionate when compared to the sentence received by his co-defendant. Petitioner first claims that he was less culpable than his co-defendant. The State again submits that the Florida Supreme Court, in Lovette v. State, 636 So. 2d 1304, 1306 (Fla. 1994), stated, "felons, however, are generally responsible for the acts of their co-felons." citing to Adams v. State, 341 So. 2d 765 (Fla. 1976) cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977) and continued that thought, "[o]ne who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime." citing, Jacobs v. State, 396 So. 2d 713, 716 (Fla. 1981). The State distinguishes Hazen v. State, as discussed above. Hazen involved a death penalty sentence involving numerous crimes which did not involve the participation of all of the perpetrators. Here there was only one crime and the role of the Petitioner is clearly shown by his own statement in support of the instant petition. Thus, Petitioner's own statements found in his Memorandum in support of the instant petition show that he was equally culpable as his co-defendant. The fact that his co-defendant chose to accept a plea offered by the State and that Petitioner here chose to go to trial and the differing sentences each received as a result of his decision cannot be said to be disproportionate. Petitioner made his decision and now seeks to have the benefit

of a decision made by another. The State further submits that the idea behind the guidelines as well as under Habitual Offender status is that the defendant is sentenced according to his prior record and not the separate acts of his co-defendants. "... designed to emphasize incarceration in the state prison system for violent offenders and nonviolent offenders who have repeatedly committed criminal offenses and have demonstrated an inability to comply with less restrictive penalties previously imposed." s. 921.0001 Fla. Stat. (1999). The State notes that Petitioner does not submit that he and his co-defendant were alike in every respect and were thus deserving of similar sentences. Petitioner only submits that because his co-defendant received a lesser sentence all other facts should be disregarded so as to allow him the benefit of a similarly lesser sentence. Petitioner thus submits no claim here that shows the violation of a Constitutional right and only submits a claim that is based purely on state sentencing issues. Therefore, Petitioner's claim is not cognizable in the instant petition and must be denied.

Petitioner's fourth ground for relief is a purely state sentencing issue and is not properly presented in the instant petition. See, Knapp v. Singletary, 864 F. Supp. 1186 (USDC MD 1994) (because the state's failure to adhere to its own sentencing guidelines is not reviewable by federal habeas corpus, Petitioner's claims herein are not reviewable by the federal courts.) See also, Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (stating, "we have consistently held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures"); Machin v. Wainwright, 758 F.2d 1431 (11th Cir. 1985) (The area of state sentencing guidelines is a matter of pure state law and is therefore not cognizable in a federal habeas corpus action.)

V.

CONCLUSION

WHEREFORE, based on the foregoing, Respondent respectfully requests that the instant petition for writ of habeas corpus be DENIED, with prejudice.

Respectfully submitted,

ROBERT A. BUTTERWORTH
ATTORNEY GENERAL

RAJEEV SAXENA
ASSISTANT ATTORNEY GENERAL
Florida Bar # 0163295
1655 Palm Beach Lakes Blvd
Third Floor
West Palm Beach, FL 33401
COUNSEL FOR RESPONDENT

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing response to petition for writ of habeas corpus has been furnished by U.S. mail to: ADRIAN McDONALD, DC# 082165, DeSoto Correctional Institution, 1601 S.W. 187th Avenue, P.O. Box 1072, Arcadia, Florida 34265 this 1st day of May, 2000

RAJEEV SAXENA

# EXHIBIT 1

## COMPLAINT AFFIDAVIT

| BROWARD COUNTY ARREST NO. | BS97-16561 | | | | | | | OBTS. NO. |
|---|---|---|---|---|---|---|---|---|

| FILING AGENT BS BIKE | OFFENSE REPORT BS97-07-08140 | LOCAL I.D. NO. | FILE | FBI | | | SS NO 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 |

| DEFENDANT'S LAST NAME MCDONALD | FIRST ADRIAN | MIDDLE MYRIC | SUF | ALIAS/STREET NAME | | CITIZENSHIP |

| RC. B | SEX M | HGT. 5'10 | WGT. 187 | EYES BROWN | HAIR BLACK | COMP. MED | AGE 31 | D.O.B. 9/16/65 | BIRTHPLACE FT LAUDERD FL | SCARS, MARKS, TT "TANK" ON LEFT ARM |

| PERMANENT ADDRESS 5290 NE 9 | TE | LOCAL ADDRESS |
| POMPANO BEACH | FL 33064 | PLACE OF EMPLOYMENT FLACKS PAINT 18 STREET AND FEDERAL HIG | LENGTH |

| RESIDENCE TYPE COUNTY | | | | | | |
| HOW LONG DEFENDANT IN BROWARD COUNTY | BREATHALYZER BY/CCN | READING | PLACE OF ARREST | DATE/TIME ARRESTED 07/15/97 2105 | ARRESTING OFFICER(S) CCN BALDWIN,MATT 8120 |

| OFFICER INJURED BS | ZONE 905 | AREA CIRC | SHIFT 2105 | UNIT TRANSPORTING PRISONER | TRANSPORTING OFFICER/CCN | PICK-UP-STAMP TIME ARRIVED AT HDQ | DRUG TYPE |

| NARCOTICS DELIVER POSSESS | COCAINE - CRACK COCAINE - CRACK | | | |

ATTACH DEFENDANT'S PHOTO

DEFENDANT'S VEHICLE-MAKE ____ TYPE ____ YEAR ____ COLOR ____
VEHICLE TOWED TO ____
VIN. NO. ____  OTHER IDENTIFIERS OR MARKS ____

FRESH START

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) ADDRESS

| COUNT NO. | Mag.Code/ Capias-Warrant# | OFFENSES CHARGED | | | | CITATION #, IF APPLICABLE |
| | | Bond | F.S.S. | UCR | | |
|---|---|---|---|---|---|---|
| 1 | POSSESSION OF COCAINE 3FY | 1,000 | 893.13 | 350A | | |
| 2 | Delivery of Cocaine | | 893.13 | | | |

---

### PROBABLE CAUSE AFFIDAVIT

Before me this date personally appeared 8120 BALDWIN,MATT _____ who being first duly sworn

deposes and says that on day 07/15/97 , 19 ___ at 4791 N DIXIE HY POMPANO BEACH FL 33064 (crime location) the

above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

On 07/15/97 at approximately 2105 HRS. the District 9 B.E.T. conducted a buy bust operation. Detective Askintowicz working in an undercover capacity was approached by co-defendant who asked him, "what do you need?". Co-Defendant then walked over to MCDONALD,ADRIAN/ARRESTE who reached into his waistband and retrieved one piece of field test positive crack-cocaine. Co-Defendant then delivered the above mentioned drug to undercover Detective Askintowicz for an exchange of ten dollars of prerecorded B.S.O. funds. Back up units moved in and upon approach BALDWIN,MATT/PERSON-REPORTING witnessed MCDONALD,ADRIAN/ARRESTEE throw a white plastic container to the ground which was immediately retrieved

I swear the above statement is correct and true to the best of my knowledge and belief.

_signature_  BALDWIN,MATT 8120  BS BIKE
OFFICER/AFFIANT'S SIGNATURE  OFFICER'S NAME/CCN  OFFICER'S DIVISION

STATE OF FLORIDA COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this 15 day of JULY , 19 97 , who is personally known to me or who has produced LEO (ID Type) as identification and who DID take an oath.
(DID OR DID NOT)

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY

(SEAL OR STAMP)

DET-5747
TITLE OR RANK/CCN

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA
BSODB #2 (REV 9/91)

FIRST APPEARANCE/ARREST FORM

SHOULD ADDITIONAL SPACE BE NEEDED, USE PROBABLE CAUSE AFFIDAVIT CONTINUATION.

Orig. - Court
2nd - State Atty
3rd - Filing Agency
4th - Arresting Agency

0001

NOTE: This factual account is offered for the limited purpose of establishing probable cause to validate the above-named individual's arrest. The incident and other supplemental report(s) will provide a comprehensive factual account.

**COMPLAINT AFFIDAVIT**

BROWARD CO.
ARREST NO.: PS97-16562   PROBABLE CAUSE AFFIDAVIT CONTINUATION

OBTS. NO.: _____

| DEFENDANT'S LAST NAME | FIRST | MID | SUF | HGT | WGT | RC | SEX | OFFENSE REPORT | ARRESTING OFFICER(S)/CCN |
|---|---|---|---|---|---|---|---|---|---|
| MCDONALD | ADRIAN | MYRI | | 5'10 | 187 | B | M | BS97-07-08140 | BALDWIN,MATT 8120 |

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) ADDRESS    PHONE #

| COUNT NO. | Mag.Code/ Capias-Warrant # | OFFENSES CHARGED Bond    F.S.S. | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**FRESH START**

Before me this date personally appeared **8120  BALDWIN,MATT** , who being first duly sworn deposes and says that on _____ day **07/15/97** , 19 **97** at **POMPANO BEACH          FL** (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

containing approximately 2 grams of crack-cocaine consisting of 9 good sized field test positive rocks.  Furthermore MCDONALD,ADRIAN/ARRESTEE had also thrown the prerecorded funds to the ground in front of the take down vehicle that I was in and these monies were also readily retrieved.

I swear the above statement is correct and true to the best of my knowledge and belief.

_____          **BALDWIN,MATT    8120        BS BIKE**
OFFICER/AFFIANT'S SIGNATURE          OFFICER'S NAME/CCN                    OFFICER'S DIVISION

STATE OF  **FLORIDA**        COUNTY OF  **BROWARD**

The foregoing instrument was acknowledged before me this **5** day of **JULY** , 19 **97**    (SEAL OR STAMP)
who is personally known to me or who has produced (ID Type) **LEO** as identification and who **DID** _____ take an oath.
    (DID OR DID NOT)

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY          TITLE OR RANK/CCN
SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY                    FIRST APPEARANCE/ARREST FORM
STATE OF FLORIDA

| | |
|---|---|
| Orig. | - Court |
| 2nd | - State Atty |
| 3rd | - Filing Agency |
| 4th | - Arresting Agency |

BSODB 2A (REV 9/91)

NOTE:  This factual account is offered for the limited purpose of establishing probable cause to validate the above-named individual's arrest.  The incident and other supplemental report(s) will provide a comprehensive factual account.

0002

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, STATE OF FLORIDA**

**THE STATE OF FLORIDA**                    **INFORMATION FOR**

      **vs.**

**ROBERT DARNELL MAUNEY**                    **I. DELIVERY OF COCAINE**
                                             **II. POSSESSION OF COCAINE**
**ADRIAN MYRIC McDONALD**


IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ROBERT DARNELL MAUNEY and ADRIAN MYRIC McDONALD on the 15th day of July, A.D. 1997**, in the County and State aforesaid, did unlawfully deliver to R. Askintowicz a controlled substance, to-wit:   Cocaine, contrary to F.S. 893.03(2)(a)4., and F.S. 893.13(1)(a)1.,(L5),

**COUNT II**

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **ADRIAN MYRIC McDONALD on the 15th day of July, A.D. 1997**, in the County and State aforesaid, did unlawfully have in his actual or constructive possession a controlled substance, to-wit:   Cocaine, contrary to F.S. 893.03(2)(a)4., and F.S. 893.13(6)(a),(L3),


**JRC/mb/7/30/97**


0003

STATE OF FLORIDA vs. ROBERT DARNELL MAUNEY                    INFORMATION, Page 2
                        IDENTIFYING DATA
                        B/M, 7/24/66, 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

                        ADRIAN MYRIC McDONALD                    97 JUL 31 PH 2:19
                        IDENTIFYING DATA                              RECEIVED
                        B/M, 9/16/65, 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            CLERK, CIRCUIT COUNTY COURT
                                                                BROWARD COUNTY, FL.

COUNTY OF BROWARD
STATE OF FLORIDA
        Personally   appeared   before   me   _____JAMES R. DAGGETT_____, duly
appointed  as  an  Assistant  State  Attorney  of  the  17th  Judicial  Circuit  of
Florida  by  MICHAEL  J.  SATZ,  State  Attorney  of  said  Circuit  and  Prosecuting
Attorney  for  the  State  of  Florida  in  the  County  of  Broward,  who  being  first
duly  sworn,  certifies  and  says  that  testimony  has  been  received  under  oath
from  the  material  witness  or  witnesses  for  the  offense(s),  and  the
allegations  as  set  forth  in  the  foregoing  Information  would  constitute  the
offense(s)  charged,  and  that  this  prosecution  is  instituted  in  good  faith.

                        _____
                        Assistant State Attorney, 17th Judicial Circuit of Florida

        SWORN TO AND SUBSCRIBED before me this 31 day of JUl , A.D. 19 97 .
                        ROBERT E. LOCKWOOD

                        Clerk of the Circuit Court, 17th Judicial Circuit,
                        Broward County, Florida

                        By _____
                           Deputy Clerk

                                            AUG 25 1997
        To the within Information, Defendant pleaded ____Not Guilty____ .

                        ROBERT E. LOCKWOOD

                        Clerk of the Circuit Court, 17th Judicial Circuit,
                        Broward County, Florida

                        By _____
                           Deputy Clerk

                                                            0004

# EXHIBIT 2

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO:    97-013822CF10A

JUDGE:    BARRY E. GOLDSTEIN

STATE OF FLORIDA,            :

        Plaintiff,     :

vs.                          :                **VERDICT**

ADRIAN MYRIC McDONALD,        :

        Defendant.     :

Filed In Open Court,
ROBERT E. LOCKWOOD,
CLERK

ON _DEC 1 1 1997_
BY _Mary Fink_

COUNT I

WE, THE JURY, find as follows as to the Defendant in this
case:  (Check only <u>one</u>)

    ✓  A.  The Defendant is Guilty of Delivery of Cocaine,
as charged in the Information.

    _____ B.  The Defendant is Not Guilty.

SO SAY WE ALL, this __11th__ day of December, A.D. 1997, at
Fort Lauderdale, Broward County, Florida.

_Harold T Cairns_
FOREPERSON

0020

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO:    97-013822CF10A

JUDGE:    BARRY E. GOLDSTEIN

STATE OF FLORIDA,            :

            Plaintiff,        :

vs.                          :            **VERDICT**

ADRIAN MYRIC McDONALD,        :
                                          **Filed In Open Court,**
            Defendant.       :            **ROBERT E. LOCKWOOD,**
                                          **CLERK**

_____

                                          ON_DEC 1 1 1997_
                        COUNT II.         BY_Mary Fink_

        WE, THE JURY, find as follows as to the Defendant in this

case:  (Check only one)

        ___✓___ A.  The Defendant is Guilty of Possession of Cocaine,
                    as charged in the Information.

        _____ B.  The Defendant is Not Guilty.

        SO SAY WE ALL, this _11th_ day of December, A.D. 1997, at

Fort Lauderdale, Broward County, Florida.

                        _Harold J. Caines_
                        **FOREPERSON**

# EXHIBIT 3

# THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.

DATE 2/13/08    CASE NO. 97-13822CF    ARREST NO. 1890-0750    SOR/IC/SURETY SUMMONS/CASH BOND _____ AGENCY _____

DEFENDANT Adrian Myris McDonald    AKA _____

## COURT STATUS

- ☐ MAGISTRATE
- ☐ ARRAIGNMENT
- ☐ SENTENCING
- ☐ PSI
- ☐ PDR

- ☐ TRIAL
- ☐ JURY
- ☐ COURT
- ☐ 1ST. V.O.
- ☐ FINAL V.O.

- ☐ CHANGE OF PLEA
- ☐ PLED GUILTY
- ☐ PLED NOLO

- ☑ ADJ. GUILTY  I-II 50 VC  200 TRUST FUND __ HOURS COMM. SERVICE __
- ☐ WITHHELD    VC EACH COUNT __ ASSESSMENT EACH COUNT __
- ☐ NOLLE PROSEQUI    ☐ DISMISSED  BOSM11
- ☐ ACQUITTED

**COUNT(S):** I Delivery of Cocaine
II Poss. of Cocaine

### SENTENCE:
I Twenty (20) years FSP DOC 15 yrs M/S
followed by ten (10) years probation
(Habitual Offender)

II Five (5) years FSP DOC to run/c/s

random urinalysis

|  | COUNT | PROBATION W/SPECIAL CONDITION | | | | |
|---|---|---|---|---|---|---|
|  |  | LICENSE SUSP. | | HOURS COMM. SERVICE | | |
|  |  | CASAP/DUI SCHOOL | CASAP EVALUATION | | | |
|  | $ ___ COURT COST | 5% ___ | V.C ___ | CJC ___ | EMTF ___ | |

**DUI USE ONLY**

JAIL TIME ___
OTHER ___

| COUNT(S) | | TIME SERVED | | | DAYS |
|---|---|---|---|---|---|
| cts conc | $ ___ FINE | COURT COST | 5% | V.C. | CJC |
|  | $ ___ FINE | COURT COST | 5% | V.C. | CJC |
| 50 c/o/s pm | $ ___ FINE | COURT COST | 5% | V.C. | CJC |
|  | $ ___ FINE | COURT COST | 5% | V.C. | CJC |

PLUS $ ___ DEFERRAL FEE TO: ___

BY ___ (DEPUTY CLERK)

/S/ ___    JUDGE

DISP 3    FILE COPY

0029

THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

DATE 2/13/98  CASE NO. 97-13822 CF  ARREST NO. 0897-21751  O

DEFENDANT Adrian Mc Donald  AKA _____  AGENCY _____

**COURT STATUS**

- ☐ MAGISTRATE
- ☐ ARRAIGNMENT
- ☐ SENTENCING
- ☐ PSI
- ☐ PDR

- ☐ TRIAL
- ☐ JURY
- ☐ COURT
- ☐ 1ST. V.O.
- ☐ FINAL V.O.

- ☐ CHANGE OF PLEA
- ☐ PLED GUILTY
- ☐ PLED NOLO

- ☐ ADJ. GUILTY
- ☐ WITHHELD
- ☐ NOLLE PROSEQUI

- ☐ ACQUITTED
- ☐ DISMISSED

VC _____ VC EACH COUNT _____

TRUST FUND / HOURS COMM. SERVICE _____
ASSESSMENT EACH COUNT _____

DOVIC/SURETY SUMMONS/CASH BOND _____

**DUI USE ONLY**

COUNT _____

PROBATION W/SPECIAL CONDITION _____
LICENSE SUSP. _____ COMM. SERVICE _____
CASAP/DUI SCHOOL _____ CASAP EVALUATION _____

$ _____ COURT COST _____ 5% _____ V.C. _____ CJC _____ EMTF _____

JAIL TIME _____
OTHER _____

CHARGE(S) +Delivery Cocaine
IF Poss. OF cocaine

SENTENCE: Guilty As charged Dow courts

nunc pro rone Dec 4,97

COUNT(S)

| | | TIME SERVED | | | DAYS |
|---|---|---|---|---|---|
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |
| $ | FINE | COURT COST | 5% | V.C. | CJC |

PLUS $ _____ DEFERRAL FEE TO: _____

BY _____  (DEPUTY CLERK)

/S/ _____  JUDGE

DISP 3  1/87

FILE COPY

0029

CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 97-13822 CF 10A
DIVISION: FI
ARR. NO: _____ ROR (IC) CASH SURETY
8597-27510

STATE OF FLORIDA,                              )
                PLAINTIFF,                     )
                                               )           **ORDER OF PROBATION**
vs. Adrian Myric McDonald                      )
                                               )
                DEFENDANT,                     )

THE DEFENDANT, having:                          [Counts  I. Del of Cocaine
                                                   II Poss. of Cocaine
a. _____ entered a plea of guilty/nolo contendere to:

b. ✓ been found guilty of:                      [ _____

c. _____ prior probation is hereby revoked:    [ _____

THE COURT HEREBY:
d. ✓ adjudges you guilty of count(s) _____
e. _____ withholds adjudication of guilt for count(s) _____

IT IS ORDERED AND ADJUDGED THAT, subject to the laws of this State:
f. _____ you are hereby placed on probation for a period of _____
        to be supervised by the Department of Corrections.
g. ✓ (split sentence) you shall be confined in:
        1. the custody of the Sheriff of Broward County for a period of   II 5years FSP
        2. the custody of the Department of Corrections for a period of   I 20years FSP foll by
        after which you shall be on probation for a period of   10 years odob              , to commence upon release.
h. _____ (Administrative Probation) you may, upon satisfactory completion of half the term of imposed probation and effective upon entry of an
        appropriate order, be transferred to Administrative Probation as defined in Chapter 948.001(l) F.S. After payment of a $50.00 processing
        fee, all previously imposed conditions, except (k.) (5.), shall be deleted.
i. _____ (Drug Offender Probation) you are hereby placed on drug offender probation as defined in Chapter 948.001 (3) F.S. for a period of
        _____

IT IS FURTHER ORDERED AND ADJUDGED THAT YOU WILL COMPLY WITH, AND CONFORM TO, THE FOLLOWING GENERAL AND
SPECIAL                         CONDITIONS                         OF                         PROBATION:
j. ✓ you must report, in person, immediately or on the next working day after release from confinement, to: PROBATION OFFICE, 10 West Las
        Olas Boulevard, FORT LAUDERDALE, FLORIDA.
k. ✓ you shall not do any of the following (without first obtaining the consent of your probation officer)
        1. change the place where you live or work;
        2. leave the County where you live;
        3. you will not possess, carry or own any firearm. You will not possess, carry or own any other weapons without first procuring the consent
        of your officer;
        4. associate with any person engaged in any criminal activity;
        5. violate any law of any city, county, state or the United States (a conviction in a court of law is not necessary for you to be found in violation);
        6. use any controlled substance, unless permitted by law;
        7. ~~money assignments;~~
        8. visit places where controlled substances are unlawfully sold, dispensed or used.
l. ✓ you must do each of the following:
        1. you will work diligently at a lawful occupation, advise your employer of your supervision status and support your dependents to the best of your
        ability, as directed by your officer;
        2. answer promptly and truthfully any and all questions put to you by either the Court or any probation officer;
        3. allow a duly authorized probation officer to visit you in your home, your place of employment or elsewhere;
        4. follow carefully and faithfully both the letter and spirit of valid instructions given you by a duly authorized probation officer;
        5. file a full and truthful written report with your probation officer, no later than the fifth day of each and every month of your probation, upon a form to
        be furnished you;
        6. pay the sum of $50.00 per month, or any increased amounts authorized by law, for costs of supervision while on probation, unless modified as follows:
                                                                                        50

        7. pay the sum(s) of:
                a) $ _____ court costs
                b) $ 50 victim costs on counts _____
                c) $ 200 "trust fund" or _____ 50.3 hours community service (F.S. 27.3455).
                d) $ 5 assessment.
                e) $ _____
                on a schedule to be determined by your probation officer.
                f) $ _____ emergency medical fund.

Filed In Open Court,
ROBERT E. LOCKWOOD,
                CLERK

ON FEB 13 1998
BY _____

0030

CLERK'S COPY

m. ✓_____ you shall comply with the following special conditions of probation:

_____ 1. Spend _____ in custody of Broward County Sheriff and comply with all rules of the institution in which you were placed with credit for _____ days time served.

_____ 2. Spend _____ in the Department of Corrections residential restitution program and comply with all rules and regulations thereof.

_____ 3. Spend _____ weekends, 8:00 a.m. to 5:00 p.m., participating in any special work program which may be instituted at the Broward County Stockade or as otherwise may be directed by the probation officer.

_____ 4. You will attend and successfully complete the following rehabilitation program to be selected by your probation officer or such other entity that may be determined by the Court and you will continue that program until no longer deemed necessary by your probation officer or the Court. Further, you will abide by all rules and regulations of the program, attend all appointments and follow all lawful instructions of the director and staff:

_____ (a) an in-patient _____ alcohol, _____ drug, _____ psychological program
_____

_____ (b) an out-patient _____ alcohol, _____ drug, _____ psychological program
_____

_____ (c) _____ program

_____ (d) submit to evaluation for counseling or placement in a _____ alcohol, _____ drug, _____ psychological rehabilitation program to be selected by the probation officer based upon such evaluation. (Upon request the Court will grant a hearing in the event of dispute).

_____ (e) the defendant is to be held in custody until released to a representative of _____ or otherwise directed by the probation officer or the Court.

✓ 5. You will submit to urinalysis, breathalyzer or blood tests at any time requested by your officer or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances. You shall be required to pay for such tests unless otherwise waived by your officer.

_____ 6. Not use or possess alcoholic beverages for any purpose.

_____ 7. Not drive or operate a motor vehicle except _____

_____ 8. Make restitution to the victim _____ in the amount of $_____, or in an amount to be determined by the Court in the event the probation officer and the parties are not able to reach agreement, all on a schedule to be determined by the probation officer.

_____ 9. Pay public defender's fee in the sum of $_____ on a schedule to be determined by the probation officer.

_____ 10. Pay fine in the amount of $_____ plus 5% surcharge on a schedule to be determined by the probation officer.

_____ 11. Perform _____ hours of community service, or, in lieu thereof, make the following voluntary contribution in the sum of $_____ to the following organization: _____ in lieu of additional conditions of probation.

_____ 12. You will obtain a G.E.D., or equivalent, or participate in a special educational or training program to be determined by your probation officer, or as follows:
_____

_____ 13. You will not associate, communicate or have any contact with _____

✓ 14. Other: Hub Offender _____
_____
_____

n. The Court reserves the right to rescind, modify or revoke probation to the extent provided by law.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 13 day of February, 19 98.

nunc pro tunc, _____.

~~~~~~~~~~~~~~~~~~~~~
JUDGE, CIRCUIT COURT

I have received a copy of the terms and conditions of my probation. I have read and understand these conditions and agree to report to the Department of Corrections Intake Unit, 10 West Las Olas Boulevard, for further instructions. Also, I hereby consent to the disclosure of my alcohol & drug abuse patient records, the confidentiality of which is federally regulated under 42CFR, part II, for the duration of my supervision.

_Adrian M Donald_
Defendant

_Melodie A Mahoney_
Instructed by

0031

17 th  Judicial  Circuit  in and  for  Broward  County

**Criminal Division**

# UNIFORM  COMMITMENT  TO  CUSTODY  OF
# DEPARTMENT  OF  CORRECTIONS

THE Circuit Court of BROWARD County in the    FALL    Term,    **1997**    in the case of

## STATE  OF  FLORIDA

### VS.

Adrian Myric McDonald _____    97-13822 CF _____
(DEFENDANT)                                    (CASE NUMBER)

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE SHERIFF OF SAID COUNTY AND THE DEPARTMENT OF CORRECTIONS OF SAID STATE,  GREETINGS:**

The above named defendant having been duly charged with the offense specified herein in the above styled Court, and he having been duly convicted and adjudged guilty of and sentenced for said offense by said Court, as appears from the attached certified copies of indictment/information, Judgment and Sentence, and Felony Disposition and Sentence Data form which are hereby made parts hereof;

Now therefore, this is to command you, the said Sheriff, to take and keep and, within a reasonable time after receiving this commitment, safely deliver the said defendant, together with any pertinent investigation Report prepared in this case, into the custody of the Department of Corrections of the State of Florida; and this is to command you, the said Department of Corrections, by and through your Secretary, Regional Directors, Superintendents, and other officials, to keep and safely imprison the said defendant for the term of said sentence in the institution in the state correction system to which you, the said Department of Corrections, may cause the said defendant to be conveyed to thereafter transferred.  And these presents shall be your authority for the same. Herein fail not.



WITNESS the Honorable    BARRY E. GOLDSTEIN
Judge of said Court, as also
ROBERT E. LOCKWOOD, Clerk , and the
Seal thereof, this  13 day of  February , 19 98

ROBERT E. LOCKWOOD, Clerk

BY _____
Deputy Clerk

0032

FORM REVISED

| [ ] 17th Judicial Circuit in and for Broward County | | CLOCK IN |
| --- | --- | --- |
| **DIVISION:** Criminal | **SENTENCE** as to Count _____ I | |
| THE STATE OF FLORIDA VS. Adrian Minic McDonald **PLAINTIFF**           **DEFENDANT** | | **CASE NUMBER** 97-13822CF |

The Defendant, being personally before this Court, accompanied by his attorney, _James Walker_ and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

(Check One)
[✗] and the Court having on _December 11, 1997_ deferred imposition of sentence until this date.
[ ] and the Court having previously entered a judgment in this case on the defendant now re sentences the defendant.
[ ] said the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that:
    The Defendant pay a fine of $ _____ , pursuant to F.S. 775.063, plus $ _____ at the 5% surcharge required by F.S. 960.25

[✗]        The Defendant is hereby committed to the custody of the Department of Corrections.

[ ]        The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[ ]        The  Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

        TO BE IMPRISONED (check one: unmarked sections are inapplicable)

[ ]        For a term of Natural Life.

[✗]        For a term of _Tweety (20) years_

[ ]        Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.
        _α_        Followed by a period of _Ten (10) years_ on Probation/Community Control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in separate order entered herein.

        ____        However, after serving a period of _____ imprisonment in the balance of such sentence shall be  suspended and the  defendant shall be placed on Probation/Community  Control for a period of _____ under supervision of the Department of Corrections according to the terms  and conditions of Probation/Community Control set forth in a separate order entered herein.

FORM 385090
REVISED 5/95

0033

| DIVISION: CRIMINAL | SENTENCE ( AS TO COUNT _____ I _____ ) | CASE NUMBER 97-13822CF |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS
### ( As to Count _____ I _____ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

**FIREARM** _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

**DRUG TRAFFICKING** _____ It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this count.

**CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL** _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this count.

**HABITUAL FELONY OFFENDER** __X__ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**HABITUAL VIOLENT OFFENDER** _____ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

**LAW ENFORCEMENT PROTECTION ACT** _____ It is further ordered that the Defendant shall serve a minimum of_____ years before release in accordance with Florida Statute 775.0823.

**CAPITAL OFFENSE** _____ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

**VIOLENT CAREER CRIMINAL** _____ The defendant is adjudicated a violent career criminal offender and has been sentenced to an term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court a set forth in a separate order or stated on the record in open court.

0034

# OCTOBER 1, 1995 RULE 3.991(a) SENTENCING GUIDELINES SCORESHEET

| 1. DATE OF SENTENCE | 2. PREPARED BY | 3. COUNTY | 4. SENTENCING JUDGE |
|---|---|---|---|
| 02 13 98  M O D Y Y R | ☐ DC ☑ SAO | BROWARD | Goldstein |

| 5. NAME (LAST, FIRST, M.I.) | 6. DOB | 7. DC# | 9. RACE | 10. GENDER |
|---|---|---|---|---|
| McDonald, Adrian | 09 16 65  M O D Y Y R | 8. OBTS# | ☑ B ☐ W ☐ OTH | ☑ M ☐ F  11 ☐ PLEA ☑ TRIAL |

## I. PRIMARY OFFENSE: If Qualifier, please check ___ A ___ S ___ C ___ R (A= Attempt, S= Solicitation, C= Conspiracy, R=Reclassification)

| DOCKET# | FELONY DEGREE | F.S. # | OFFENSE LEVEL | OFFENSE DATE | POINTS |
|---|---|---|---|---|---|
| 97013822CF10A | 2F | 893.13 | B5 | 07 16 97  M O D Y Y R | |

Description: Delivery of Cocaine

(Level = Pts: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples primary offense points ☐                I. 28

## II. ADDITIONAL OFFENSE(S): Supplemental page attached ☐

| DOCKET# | FEL/MM | F.S. # | OFFENSE LEVEL | QUALIFY A S C R | CNTS | POINTS |
|---|---|---|---|---|---|---|
| 97013822CF10A | 3F | 893.13 | 3 | ☐☐☐☐ | 1 x 2.4 = | 2.4 |

Description: Poss'n of Cocaine

| | / | | | ☐☐☐☐ | x = | |

Description: _____

| | / | | | ☐☐☐☐ | x = | |

Description: _____

(Level = Pts: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples additional offense points ☐        Supplemental page points _____      II. 2.4

## III. VICTIM INJURY:

| | | Number | Total | | | Number | Total |
|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 X | ___ = | ___ | Slight | 4 X | ___ = | ___ |
| Death | 120 X | ___ = | ___ | Sex Penetration | 80 X | ___ = | ___ |
| Severe | 40 X | ___ = | ___ | Sex Contact | 40 X | ___ = | ___ |
| Moderate | 18 X | ___ = | ___ | | | | |

III. _____

## IV. PRIOR RECORD: Supplemental page attached ☐

| FEL/MM DEGREE | F.S. # | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUM | POINTS | |
|---|---|---|---|---|---|---|---|
| 3F | 812.014 | 2 | ☐☐☐☐ | G.T. | II x .8 | . | 1.6 |
| 3F | 893.13 | 3 | ☐☐☐☐ | Poss'n of Coc | IIII x 1.6 | | 8 |
| 2F | 893.13 | 3 | ☐☐☐☐ | Del. of Cann | I x 1.6 | | 1.6 |
| 2F | 893.13 | 5 | ☐☐☐☐ | Del. of Coc | IIII x 3.6 | . | 14.4 |
| MM | Various | M | ☐☐☐☐ | Cann, Para, Puls | IIIII IIIII II x .2 | | 2.4 |
| 3F | 322.212 | 1 | | Unlawful Poss'n I.D. | IIIII III x .5 | | .5 |

(Level = Pts: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____      IV. 28.5

Page Subtotal  58.9

Effective Date: For offenses committed under the sentencing guidelines effective October 1, 1995 or any subsequent revision

V. Legal Status Violation = 4 Points      V. _____

VI. Community Sanction Violation before the court for sentencing
  A)  6 Pts x each such successive violation OR     VI. A._____
  B)  New Felony Conviction = 12 Pts x each successive violation    B._____

VII. Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points    VII. _____

VIII. Prior Serious Felony = 30 Pts      VIII. _____

Subtotal Sentence Points. _____

IX. Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle | Street Gang (offenses committed on or after 10-1-96) | Domestic Violence (offenses committed on or after 10-1-97) |
|---|---|---|---|---|
| ☐ x 1.5 ☐ x 2.0 ☐ x 2.5 | ☐ x 1.5 | ☐ x 1.5 | ☐ x 1.5 | ☐ x 1.5 |

Enhanced Subtotal Sentence Points IX. _____

TOTAL SENTENCE POINTS <u>58.9</u>

## SENTENCE COMPUTATION

For any felony committed on or after July 1, 1997, where the defendant has at least one prior felony conviction, the court may impose a state prison sentence not to exceed 22 months when a non state prison sanction is recommended, or when the minimum recommended sentence is less than 22 months in state prison.

- 40 or less total sentence points mandates a non state prison sanction, except as provided above. Sentence points less than or equal to 40 may be increased by 15 percent.

_____ x 1.15 = _____
Total Sentence Points    Increased Sentence Points

- If total or increased sentence points are greater than 40 or equal to 52, state incarceration is discretionary. A total of more than 52 total or increased sentence points must be a state prison sentence. A life sentence may be imposed at the discretion of the court if total sentence points are 363 or greater.

<u>58.9</u> minus 28 = <u>30.9</u>
Total/Increased Points    State Prison Months

- The sentencing court may increase or decrease prison months by up to 25 percent except where total sentence points were originally increased by 15 percent to exceed 40 points. Any state prison sentence must exceed 12 months.

<u>30.9</u>
State Prison Months
(2.575 yrs)

x .75 = <u>23.175 (1.93 yrs)</u>
Min. Prison Months

x 1.25 = <u>38.625 (3.2875)</u>
Max. Prison Months   yrs

UP TO 30 YRS FSP
AS HABITUAL
Felony Offender

## TOTAL SENTENCE IMPOSED

☑ State Prison ☐ Life    Years   Months   Days
☐ County Jail ☐ Time Served   20 YEARS FSP AS A Habitual Felony Offender   Has more than one scoresheet been used at sentencing?
☐ Community Control      ☐ Yes ☑ No
☑ Probation  Followed By  10 years
     R.V.

- Please designate the particular type of sentence where an enhanced or mandatory sentence imposed.

☑ Habitual Felony/Habitual Violent Offender   ☐ Guideline Aggravated Departure
☐ Violent Career Criminal   ☐ Guideline Mitigated Departure
☐ Prison Releasee Reoffender Punishment Act
☐ Mandatory pursuant to:  ☐ §775.087  ☐ §893.13  ☐ §893.135

D= Habitual Felony Offender

I. Delivery II. Poss'n cocaine cocaine ADJ FSP ADJ FSP 00 YRS FSP SURFSP AS HAB concur followed 0002 w/ct I 10 YRS RU

**JUDGE'S SIGNATURE**

| DIVISION:<br>CRIMINAL | SENTENCE<br><br>( AS TO COUNT _____ I _____ ) | CASE NUMBER<br><br>97-138220T |
| --- | --- | --- |

## OTHER PROVISIONS

**SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN** _____ It is further ordered that the five-year minimum provisions of Florida Statute 790:221(2) are hereby imposed for the sentence specified in this court.

**CONTINUING CRIMINAL ENTERPRISE** _____ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

**RETENTION OF JURISDICTION** _____ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

**JAIL CREDIT** α_____ It is further ordered that the defendant shall be allowed a total of __67__ days as credit for time incarcerated prior to imposition of this sentence.

**PRISON CREDIT** _____ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**CONSECUTIVE/ CONCURRENT AS TO OTHER COUNTS** _____ It is further ordered that the sentence imposed by this court shall run _____ consecutive to _____ concurrent with (check one) the sentence set forth in count _____ of this case.

0035

| [´] 17th Judicial Circuit in _____ or Broward County | | CLOCK IN |
|---|---|---|
| **DIVISION:** **Criminal** | as to Count   **SENTENCE** ___II___ | |
| THE STATE OF FLORIDA VS. _Adrian Myric McDonald_ **PLAINTIFF**                    **DEFENDANT** | | **CASE NUMBER** 97-13822CF |

The Defendant, being personally before this Court, accompanied by his attorney, _James Walker_ and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

(Check One)
[X] and the Court having on _December 11, 1997_ deferred imposition of sentence until this date.
[] and the Court having previously entered a judgment in this case on the defendant now re sentences the defendant.
[] and the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that:

The Defendant pay a fine of $ _____ , pursuant to F.S. 775.063, plus $ _____ at the 5% surcharge required by F.S. 960.25

[X]    The Defendant is hereby committed to the custody of the Department of Corrections.

[]    The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[]    The Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one: unmarked sections are inapplicable)

[]    For a term of Natural Life.

[X]    For a term of _Five (5) years_

[]    Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.

_____ Followed by a period of _____ on Probation/Community Control under the supervision of the Department of Correction according to the terms and conditions of supervision set forth in separate order entered herein.

_____ However, after serving a period of _____ imprisonment in the balance of such sentence shall be suspended and the defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

FORM 188F/99
REVISED 9/65

0036

| DIVISION: CRIMINAL | SENTENCE<br>( AS TO COUNT _____ II _____ ) | CASE NUMBER<br>97-138220F |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS
### ( As to Count _____ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

FIREARM                    _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

DRUG TRAFFICKING           _____ It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

HABITUAL FELONY OFFENDER   _____ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

HABITUAL VIOLENT OFFENDER  _____ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

LAW ENFORCEMENT PROTECTION ACT _____ It is further ordered that the Defendant shall serve a minimum of_____ years before release in accordance with Florida Statute 775.0823.

CAPITAL OFFENSE            _____ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

VIOLENT CAREER CRIMINAL    _____ The defendant is adjudicated a violent career criminal offender and has been sentenced to an term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court a set forth in a separate order or stated on the record in open court.

0037

| DIVISION: CRIMINAL | SENTENCE<br><br>( AS TO COUNT _____ II _____ ) | CASE NUMBER<br><br>97-138 2200 |
| --- | --- | --- |

## OTHER PROVISIONS

**SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN** _____ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

**CONTINUING CRIMINAL ENTERPRISE** _____ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

**RETENTION OF JURISDICTION** _____ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

**JAIL CREDIT** _X_ _____ It is further ordered that the defendant shall be allowed a total of __67__ days as credit for time incarcerated prior to imposition of this sentence.

**PRISON CREDIT** _____ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**CONSECUTIVE/ CONCURRENT AS TO OTHER COUNTS** _X_ _____ It is further ordered that the sentence imposed by this court shall run _____ consecutive to _X_ concurrent with (check one) the sentence set forth in count __I__ of this case.

**CONSECUTIVE/ CONCURRENT AS TO OTHER CONVICTIONS** _____ It is further ordered that the composite term of all sentences imposed for the courts specified in this order shall run _____ consecutive to _____ concurrent with (check one) the following: _____ Any active sentence being served. _____ Specific sentences:

_____

_____

_____

**PSI ORDERED**     YES [ ]     NO [ ]
In the event the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant`s right to assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends_____

_____

**DONE AND ORDERED** in Open Court at Broward County, Florida, this 13 day of February 19 98.

_____
JUDGE

0038

# EXHIBIT  4

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ADRIAN McDONALD,

       Defendant/Appellant,

vs.

STATE OF FLORIDA,

       Plaintiff/Appellee.

_____/

Case No: 97-13822 CF 10

Judge: BARRY E. GOLDSTEIN

## NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN** that **ADRIAN McDONALD**, Defendant/Appellant, appeals to the District Court of Appeal, Fourth District of Florida the conviction of December 11, 1997 and sentence imposed February 13, 1998.

I **HEREBY CERTIFY** that a copy hereof has been furnished to the Office of the State's Attorney, Broward County Courthouse, Room 640, 201 S.E. 6th Street, Ft. Lauderdale, Florida 33301, by mail/hand delivery, this _27th_ day of February, 1998.

 

 

                          JAMES O. WALKER, III, Esq.
                          Attorney for Defendant/Appellant
                          1339 Norht East 4th Avenue
                          Ft. Lauderdale, FL  33304
                          (954) 527-1194
                          Fla. Bar No.:  294829

M-1\NoticeOf.Apl

0042

# EXHIBIT  5

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, FOURTH DISTRICT

**ADRIAN McDONALD,**

**Appellant**

v.

98-1-6441

**STATE OF FLORIDA,**

**Appellee.**

Case No. 98-1367

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ON APPEAL FROM THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER BRIEF OF APPELLEE

**ROBERT BUTTERWORTH**
**ATTORNEY GENERAL**
**Tallahassee, Florida**

**GENTRY DENISE BENJAMIN**
**Assistant Attorney General**
**Florida Bar No.: 0093180**
**1655 Palm Beach Lakes Blvd**
**Suite 300**
**West Palm Beach, FL 33401**
**(561) 688-7759**

**Counsel for Appellee**

F:\USERS\APPEALS\GDB\TERRY\BRIEFS\MCDONALD.BRI



CASE NO.: 98-1367
**ADRIAN McDONALD v. STATE OF FLORIDA**

## CERTIFICATE OF INTERESTED PERSONS

Counsel for the Appellee certifies that the following persons or entities may have an interest in the outcome of this case:

1. Honorable Barry E. Goldstein
   Circuit Court Judge, Seventeenth Judicial Circuit
   (trial judge)

2. Gentry Denise Benjamin, Assistant Attorney General
   (appellate counsel for State/Appellee)

3. Leah Mayersohn, Assistant State Attorney(s),
   (trial counsel for State/Appellee)

4. Adrian McDonald
   (defendant/appellant)

5. James Walker, Esq.
   (trial counsel for defendant/appellant)

6. Sophia Letts, Assistant Public Defender
   (appellate counsel for defendant/appellant)

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

PRELIMINARY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

SUMMARY  ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

       THE   TRIAL   COURT   PROPERLY   PERMITTED
       APPELLANT'S WITNESS TO BE IMPEACHED WHERE THE
       IN-COURT TESTIMONY WAS INCONSISTENT WITH THE
       WITNESS' DEPOSITION TESTIMONY. . . . . . . . . . . . . . . . . . . . . . . . .  3-6

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

## STATE CASES

Abbott v. State, 589 So. 2d 943 (Fla. 2d DCA 1991) .................................. 3

Alexander v. Bird Road Ranch & Stables, Inc., 599 So. 2d 229 (Fla. 3d DCA 1992) ...... 4

Colbert v. State, 320 So. 2d 853 (Fla. 1st DCA 1975) ............................... 3

Hills v. State, 428 So. 2d 318 (Fla. 1st DCA 1983) ................................. 3

Howell v. State, 667 So. 2d 869 (Fla. 1st DCA 1996) ............................... 3

Rhodes v. State, 547 So. 2d 1201 (Fla. 1989) ...................................... 5

State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986) .................................... 5

## FLORIDA STATUTES

§ 59.041, Fla. Stat. (1997) ..................................................... 5

§ 90.608(1), Fla. Stat. (1997) .................................................. 3

§ 924.051, Fla. Stat. (1997) .................................................... 5

§ 924.33, Fla. Stat. (1997) ..................................................... 5

## PRELIMINARY STATEMENT

Appellee was the prosecution and appellant was the defendant in the Criminal Division of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

In this brief, the parties will be referred to as they appear before this Court, except that the Appellee may also be referred to as "State" or "Prosecution."

The following symbols will be used:

AB = Appellant's Initial Brief

R = Record on Appeal

T = Transcripts

## STATEMENT OF THE CASE AND FACTS

Appellee accepts appellant's statement of the case and facts for purposes of this appeal subject to the additions and clarifications set forth below and in the argument portion of this brief which are necessary to resolve the legal issue presented upon appeal:

(1) At trial, Robert Mauney testified that he was not good friends with Appellant. (T-192). However, in testimony taken during deposition, Mauney stated that he was good friends with Appellant. (T-192). The prosecution used the deposition statement to impeach Mauney's testimony at trial on this point. (T-192).

(2) At trial, Mauney testified that he did not eat fish the day of the incident. (T-198) However, in deposition testimony, Mauney stated that he did eat fish that day. (T-199). The prosecution used the deposition statement to impeach Mauney's testimony at trial on this point. (T-198-199).

## SUMMARY ARGUMENT

The trial court properly permitted the prosecution to impeach Appellant's witness because the witness' in-court testimony was inconsistent with the witness' deposition testimony. The witness testified at trial that he swallowed the second rock cocaine, stating that is why the police officers only recovered one cocaine rock. However, during deposition testimony, the witness stated that he "popped it out." If the witness, "popped it out," then he could not have swallowed it. And the two statements are inconsistent in and of themselves. Therefore, the trial court properly permitted the prosecution to impeach Appellant's witness concerning his conflicting statements. Even assuming impeachment was improper, the error was harmless considering the overwhelming amount of evidence and the fact that the prosecution had already impeached the witness on at least two other conflicting statements between the deposition and testimony at trial.

## ARGUMENT

**THE TRIAL COURT PROPERLY PERMITTED APPELLANT'S WITNESS TO BE IMPEACHED WHERE THE IN-COURT TESTIMONY WAS INCONSISTENT WITH THE WITNESS' DEPOSITION TESTIMONY.**

Appellant was convicted by jury for delivery of cocaine and possession of cocaine. (R-45).

Appellant appeals his conviction and sentence and essentially asserts that the trial judge erred in

allowing the State to impeach Robert Mauney, Appellant's key witness. (IB-2). In support of his

position, Appellant contends that impeachment was improper because the witness' in-court

testimony was not inconsistent with the witness' deposition testimony. (IB-2). The State disagrees

and submits that the trial court properly allowed the State to impeach Mauney's testimony, as

Mauney's testimony at trial conflicted with his testimony taken during an earlier deposition.

Florida statutory law provides that a party may attack a witness' credibility by "introducing

statements of the witness which are inconsistent with the witness' present testimony." § 90.608 (1),

Fla. Stat. (1997). Furthermore, it is a well-established tenant of Florida law that a witness may be

impeached by evidence of statements which are inconsistent with or conflict with testimony the

witness presents at trial. Howell v. State, 667 So. 2d 869 (Fla. 1st DCA 1996); Abbott v. State, 589

So. 2d 943 (Fla. 2d DCA 1991); Colbert v. State, 320 So. 2d 853 (Fla. 1st DCA 1975). And as

recognized by Appellant, the statement must relate to material matters "pertaining to the subject

matter of the cause." Hills v. State, 428 So. 2d 318 (Fla. 1st DCA 1983). And a trial court's failure

to permit a party to impeach a witness' prior inconsistent statement is reversible error. Howell, 667

So. 2d at 870.

In support of its position that impeachment was improper in the instant case, Appellant relies upon the Third District Court of Appeal's decision in <u>Alexander v.  Bird Road Ranch & Stables, Inc.</u>, 599 So.  2d 229 (Fla. 3d DCA 1992).  However, such reliance is misplaced,  as <u>Alexander</u> is both noncontrolling and distinguishable from the instant case facts.  In <u>Alexander</u>, the Third District Court of Appeal held that a horse owner's statements were not inconsistent with prior statements. <u>Id</u>. at 230.  The owner first stated that Dr. Alexander should never have been put on the horse.  <u>Id</u>. He later stated that she went to sit on the horse, she missed the saddle and sat on the horse's hips. <u>Id</u>. However, the doctor testified that she <u>never sat down</u> on the horse.  <u>Id</u>.  at 230, footnote 1. Therefore, the court found that admission of the owner's statements concerning whether the doctor sat on the horse was not inconsistent with the owner's prior statements.

In turning our attention to the instant case, contrary to Appellant's contention, the State properly introduced evidence of Mauney's deposition testimony which contradicted his testimony at trial. The State impeached Mauney regarding statements made about the amount of cocaine retrieved from Mauney and whether Mauney swallowed the cocaine. (T- 200-203). At trial, Mauney testified that he had two crack cocaine rocks in his mouth. (T-198). However, Mauney testified that the police officers only recovered one crack cocaine rock. (T-200). Mauney stated that he swallowed the second cocaine rock. (T- 201-203). The prosecution introduced evidence of Mauney's statements taken at a deposition.  (T-201-202).  The two statements conflicted.  (T- 201-202).  During deposition testimony, Mauney stated that he had the rock in his mouth until he reached the jail. (T-202). He "popped it out" after the officers had searched him. (T-202). If Mauney "popped" the cocaine rock out, then this definitely conflicts with Mauney's testimony that he swallowed the cocaine rock and his contention that this explains why the officers did not recover the second

cocaine rock.

However, Appellant attempts, although unconvincingly, to explain the conflicting statements. Appellant's contentions are simply not credible. First, Mauney attempts to explain the inconsistency by stating that "pop out means swallow in street terms. Not spit it out. Pop it out." (T-201). Common sense dictates that this interpretation of "pop it out" is incorrect in an attempt to cover up the witness' mistake. Afterward, Appellant's attorney attempts to explain the inconsistency by stating that the witness was describing how he could "keep a rock in his mouth and hold a conversation and do some other things." (T-202). Again, common sense would dictate that this explanation is just not credible. Based upon the information and testimony provided, it is obvious that Mauney's testimony was conflicting and inconsistent. Therefore, the State properly introduced Mauney's statements made during his deposition in an effort to apprise the jury of the fact that Mauney's testimony may, in fact, lack credibility.

Finally, even if this court finds the trial court erred in allowing the State to introduce the evidence of flight, the error was harmless. § 59.041 Fla. Stat. (1995); § 924.33 Fla. Stat. (1997); § 924.051 Fla. Stat. (1997); Rhodes v. State, 547 So.2d 1201 (Fla. 1989); State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986). Testimony adduced at trial demonstrated that during the "buy bust operation, Mauney initiated contact with the undercover detective. (T-107). The detective ordered a ten-cent piece of rock cocaine, after which, Mauney walked over to Appellant. (T-107). The detective witnessed Appellant reach into his waistband, pull something out and put it in Mauney's hand. Mauney walked back over to the undercover detective and gave him the rock. (T-108). Further testimony demonstrated that the officers recovered a crack cocaine vial and money the undercover detective used to buy the cocaine rock, which Appellant threw to the ground. (T- 138-141).

Additionally, before attempting to impeach Mauney concerning the amount of rock cocaine recovered, the prosecution had already impeached Mauney on other testimony which tended to lessen his credibility before the jury. First, Mauney stated that he was not good friends with Appellant. (T-192). However, Mauney later testified upon further examination that he was good friends with Appellant.(T-192). Mauney testified that he took the crack cocaine out of his mouth that he sold to the undercover detective. (T-198). Whether Mauney is good friends with Appellant would go to the question of whether Mauney would lie for Appellant. Additionally, the prosecutor also impeached Mauney on whether he was eating fish that day. (T- 198-200). In deposition testimony, Mauney testified that he was eating fish that day. (T-199). However, in testimony at trial, Mauney stated that he was not eating fish that day. (T-198). Furthermore, the entire issue surrounding this matter is the supposed improper attack on the witness' credibility in this case. However, this witness admitted to selling and then swallowing crack cocaine. The question exists as to whether any jury would place any credibility upon this witness' testimony. In light of the overwhelming evidence of Appellant's guilt and the impeachment of Mauney's testimony on at least two separate occasions, it is apparent that the jury's verdict would not have been different even if the State had not been allowed to impeach the witness concerning whether he swallowed the rock cocaine or "popped it out." As Appellant was not prejudiced by the court's ruling, his conviction must be affirmed.

## CONCLUSION

WHEREFORE based on the foregoing arguments and authorities cited herein, the Appellee respectfully requests this honorable Court to affirm the trial court's judgment and sentence.

Respectfully submitted,

ROBERT BUTTERWORTH
ATTORNEY GENERAL
Tallahassee, Florida

GENTRY DENISE BENJAMIN
Assistant Attorney General
Florida Bar No.: 0093180
1655 Palm Beach Lakes Blvd
Suite 300
West Palm Beach, FL 33401
(561) 688-7759

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of hereof has been furnished by U.S. Mail or Courier to:

Sophia Letts, Assistant Public Defender 421 3rd Street, 6th Floor, West Palm Beach, FL 33401, on July 6, 1998.

GENTRY DENISE BENJAMIN
Counsel for Appellee

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

## FOURTH DISTRICT

| | | |
|---|---|---|
| ADRIAN MCDONALD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | CASE NO. 98-1367 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |

_____)

## INITIAL BRIEF OF APPELLANT

On Appeal from the Circuit Court
of the Seventeenth Judicial Circuit,
In and For Broward County, Florida
[Criminal Division].

**RECEIVED**
OFFICE OF THE ATTORNEY GENERAL

**JUN 1 2 1998**

CRIMINAL DIVISION
WEST PALM BEACH

State's Response
Due July 1, 1998
(7-6-98)

RICHARD JORANDBY
Public Defender

SOPHIA LETTS
Assistant Public Defender
15th Judicial Circuit of Florida
Criminal Justice Building
421 Third Street/6th Floor
West Palm Beach, Florida 33401
(561) 355-7600

Attorney for Adrian McDonald

## CERTIFICATE OF INTERESTED PERSONS

Counsel for defendant/appellant certifies that the following persons and entities have or

may have an interest in the outcome of this case.

Robert Butterworth, Attorney General
by Celia Terenzio, Chief, Assistant Attorney General
(Attorney for State/Appellee)

Honorable Barry E. Goldstein
17th Judicial Circuit Court Judge
(Presiding Judge)

Richard L. Jorandby, Public Defender, 15th Judicial Circuit
by Sophia Letts, Assistant Public Defender
(Attorney for Defendant/Appellant)

Adrian McDonald
(Defendant/Appellant)

Michael J. Satz, State Attorney, 17th Judicial Circuit
by Leah Mayersohn, Assistant State Attorney
(Attorney for State)

James Walker, Esq.
(Attorney for Defendant)

## TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

AUTHORITIES CITED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## ARGUMENT

THE TRIAL COURT ERRED IN PERMITTING APPELLANT'S WITNESS TO BE IMPEACHED WHERE THE IN-COURT TESTIMONY WAS NOT INCONSISTENT WITH THE WITNESS' DEPOSITION TESTIMONY. . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

iii

# AUTHORITIES CITED

**CASES CITED**                                                                    **PAGE**

Alexander v. Bird Road Ranch & Stables, Inc., 599 so. 2d 229
    (Fla. 3d DCA 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fogel v. Mirmelli, 413 So. 2d 1204
    (Fla. 3d DCA 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gudinas v. State, 693 So. 2d 953
    (Fla. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hills v. State, 318, 319
    (Fla. 1st DCA 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Jenkins v. State, 586 So. 2d 1334
    (Fla. 3d DCA 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Morton v. State, 689 So. 2d 259
    (Fla. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

State v. DiGuilio, 491 So. 2d 1129
    (Fla. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

State v. Smith, 573 So. 2d 306
    (Fla. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tallahassee Memorial Regional Medical Ctr., Inc. v. Meeks, 560 So. 2d 778
    (Fla. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**FLORIDA STATUTES**

    § 90.608 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**OTHER AUTHORITIES CITED**

Charles W. Ehrhardt, Florida Evidence
    § 614.1, at 498 (1998 ed.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 608.4, at 416-417 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## <u>PRELIMINARY STATEMENT</u>

Appellant was the defendant and appellee the prosecution in the Criminal Division of the Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida. In this brief the parties will be referred to as they appear before the Court.

The symbol "R" will denote the record on appeal, which consists of the relevant documents filed below.

The symbol "T" will denote the transcript.

## STATEMENT OF THE CASE AND FACTS

This is an appeal from convictions for delivery of cocaine and possession of cocaine (R-45) with a sentence of 20 years as a habitual felony offender, with a credit of 67 days for time served, to be followed by 10 years probation, and 5 years with a credit of 67 days for time served, running concurrently (R-33-38).

On July 15, 1997, Det. Richard Askintowicz, while working undercover, conducted a buy bust operation with Dets. Matt Baldwin and Steve Cady serving as backup and observing the transaction from about 75 yards away (T-105-106,133-134,136,152-153). Det. Askintowicz drove into the parking lot of a well lit Circle K and was approached by Robert Mauney, who asked Det. Askintowicz, "What do you want?" and Det. Askintowicz responded that he wanted a ten cent piece (T-107,116,125-126). Mauney turned and walked towards appellant, who was about ten yards away, and Det. Askintowicz watched a transaction between appellant and Mauney where appellant reached in appellant's waistband and removed something and put it in Mauney's hand (T-108,116,122,128). Mauney walked back to Det. Askintowicz and gave him a piece of rock cocaine in exchange for ten dollars (T-108,122,126). At no time did appellant ever approach or give anything to Det. Askintowicz (T-121). Det. Askintowicz left the area and radioed Dets. Baldwin and Cady giving them a description of appellant and Mauney and advising them to move in (T-108,119,137,158). When Det. Baldwin approached appellant, appellant threw down on the ground a white plastic vial, which contained a brown paper "stopper" and cocaine, and the buy-money, all of which Det. Baldwin quickly retrieved (T-138-140,148,151,159,163,165). After appellant and Mauney were in custody, Det. Askintowicz

2

drove by and identified them (T-123,128).

Robert Darnel Mauney testified on behalf of appellant (T-179). Mauney had testified that he sold crack cocaine, which he had removed from his mouth, to Detective Richard Askintowicz and that appellant was sitting twenty yards away during the encounter (T-184,190-191,198,207). The state attempted to impeach Mauney's testimony regarding how much crack cocaine was retrieved from him and whether he had swallowed it at the station (T-200-203). Appellant objected arguing that the impeachment was improper because the testimony at trial was not inconsistent with Mauney's deposition testimony (T-202). The trial court overruled appellant's objection (T-202).

The jury found appellant guilty as charged on December 11, 1997 (T-270). The trial court sentenced appellant on February 13, 1998 to a sentence of 20 years as a habitual felony offender, with a credit of 67 days for time served, to be followed by 10 years probation, and 5 years with a credit of 67 days for time served, running concurrently (T-307-308). Notice of appeal was timely filed (R-42).

3

## SUMMARY OF THE ARGUMENT

A prior statement of a witness is admissible to impeach credibility only if it is in fact inconsistent; i.e., it directly contradicts the in-court testimony, or there is a material variance between the two. The former statement must relate to material matters pertaining to the subject matter of the cause.

The state improperly impeached a critical defense witness, Robert Mauney, and thus, impermissibly attacked the witness' credibility in front of the jury. The state failed to show that the in-court statement was in fact inconsistent with the witness's prior testimony. The improper impeachment undermined appellant's theory of defense that he had nothing to do with the drug transaction and that it was only Mauney who possessed the cocaine sold to Det. Askintowicz. It is entirely possible that a reasonable juror could have had reasonable doubts as to appellant's guilt prior to the state's improper attack of Mauney's credibility.

## ARGUMENT

### THE TRIAL COURT ERRED IN PERMITTING APPELLANT'S WITNESS TO BE IMPEACHED WHERE THE IN-COURT TESTIMONY WAS NOT INCONSISTENT WITH THE WITNESS' DEPOSITION TESTIMONY.

Section 90.608, Florida Statutes (1997), requires that a prior statement be inconsistent with the witness's in-court testimony before the statement will be admitted for impeachment. Morton v. State, 689 So. 2d 259, 262 (Fla. 1997). A prior statement of a witness is admissible to impeach credibility only if it is in fact inconsistent; i.e., it directly contradicts the in-court testimony, or there is a material variance between the two. Charles W. Ehrhardt, Florida Evidence § 614.1, at 498 (1998 ed.) (footnote omitted). See also Gudinas v. State, 693 So. 2d 953, 964 (Fla. 1997); State v. Smith, 573 So. 2d 306, 313 (Fla. 1990). The former statement must relate to material matters pertaining to the subject matter of the cause. Hills v. State, 318, 319 (Fla. 1st DCA 1983). "Nit-picking" is not permitted under the guise of prior inconsistent statements. Ehrhardt, § 608.4, at 416-417. The statement should be truly inconsistent and caution should be exercised in permitting impeachment of a witness who has given favorable testimony but simply fails to recall every detail unless the witness appears to be fabricating. Morton, 689 So.2d at 264. Whether the necessary inconsistency is present is a preliminary factual question for the court's discretion. Ehrhardt, § 608.4, at 417.

In Alexander v. Bird Road Ranch & Stables, Inc., 599 so. 2d 229, 230 (Fla. 3d DCA 1992), Dr. Alexander, a veterinarian, presented witnesses who testified as to the ranch owner's [previous] statements that "[he] never should have put [Dr. Alexander] up on that horse. . . . [and

5

that] these horses shouldn't have been ridden." An investigator testified that the owner told him

that when Dr. Alexander "went to get on the horse and for some reason just missed the saddle

and sat on its hips and the horse came down slightly or came down and moved forward and she

fell on her feet and to the ground." Id. n.1. The court found that the owner's statements

describing the accident were not inconsistent with his previous admissions implying that the

horse's disposition rendered it unsuitable for Dr. Alexander to ride. Id. at 230. Thus, the court

ruled that the owner's description of the accident was not proper impeachment of his earlier

statements. Id. See Fogel v. Mirmelli, 413 So. 2d 1204, 1207 (Fla. 3d DCA 1982); see also

Jenkins v. State, 586 So. 2d 1334 (Fla. 3d DCA 1991); Tallahassee Memorial Regional Medical

Ctr., Inc. v. Meeks, 560 So. 2d 778, 781 (Fla. 1990) (generally, a witness may be impeached by

evidence of statements inconsistent with or contradictory to testimony at trial). The court held

that the trial court erred in admitting the investigator's hearsay testimony as to the ranch owner's

eyewitness description of the accident. Id.

The state attempted to impeach appellant's witness', Robert Mauney's, testimony

regarding how much crack cocaine was retrieved from him and whether he had swallowed it at

the station (T-200-203):

>MS. MAYERSOHN:    You said you had two crack rocks in
>your mouth at that time yet only one crack rock was recovered.
>What happened to the other rock?
>
>MAUNEY:    I swallowed it.
>
>MS. MAYERSOHN:    Why did you do it? So that rock was
>never retrieved by anyone?

6

MAUNEY:   No.

MS. MAYERSOHN:        Now, do you remember making a statement different than what you just told me in terms of the rock ever being retrieved by anyone?

MAUNEY:   Only the rock I gave the officers.

MS. MAYERSOHN:        <u>Let me show you your statement on November 10, 1997</u>, page twelve. I would refer you to line three through, I guess, it goes down to nine. Why don't you read this to yourself.

MAUNEY:    Yeah, but that's -- <u>pop out means swallow in street terms. Not spit it out. Pop it out.</u>

MS. MAYERSOHN:        You remember being asked the question. Okay. You remember answering, "No, when I was arrested"?

MR. WALKER:      Judge, what is the question?   What is inconsistent? What is inconsistent?

COURT:      What is the question?

MS. MAYERSOHN:        The question before was do you remember making a statement different form the one he made today in terms of anyone retrieving it. I gave him an opportunity to refresh his recollection with the deposition, and I'm about to ask him why the question that he answered today before was different than what he answered today after he had an opportunity to refresh.

MR. WALKER:      I don't remember her asking a question about retrieving anything out of his mouth.

MS. MAYERSOHN:        <u>The question was</u>:   <u>You deny swallowing it when you were arrested</u>.

COURT:      What is the question on there?

                                    7

MS. MAYERSOHN:        His answer was non-responsive but he volunteered information in his answer that pertains to that.

COURT:      What was it?

MS. MAYERSOHN:        The answer was: "No, when I was arrested, I had the rock I my mouth until I got to the jail and popped it out after they searched. You talk to the cops. I can have it right here. It says indicate. When you leave, I just cough." He [the attorney] goes on to say, "If you cough, will it come right up?" ANSWER: "That's why they ask you to cough in jail."

MR. WALKER:        Judge, that is not inconsistent.    He's explaining to her during the deposition how he can keep a rock in his mouth and hold a conversation and do some other things. That's not inconsistent with what he testified to today.

COURT:      Whether it is or not is a jury question.

MS. MAYERSOHN:        Are you telling the members of the jury that by saying in the deposition that you had the rock in your throat until you got to the jail?

MR. WALKER:        Judge, it's improper impeachment.

COURT:      Overruled.

MS. MAYERSOHN:        Are you saying to the members of the jury that when you made the statement, "I had the rock in my mouth until I got to the jail and popped it out after they searched. You talk to the cops," you were not referring to the fact you, yourself, retrieved the rock after you got to the jail so it was retrieved by someone?

MAUNEY:    I didn't retrieve it.    I was explaining to the lady I could pop it out if I wanted. I could cough it up. If I swallowed the only rock they took from me is the one I gave the cop.

MS. MAYERSOHN:        When you told the prosecutor, "I had the rock in my mouth after I popped it out, after they searched," it's a false statement?

8

MAUNEY:   No, it's not false.   I could pop it out but <u>I had</u> <u>swallowed it</u>.

(T-200-203) (emphasis added).

As evidenced by the above, the state failed to show that the in-court statement was in fact inconsistent with Mauney's prior testimony. As appellant pointed out, Mauney was explaining how he could keep the rock in his mouth at the same time as doing other things (T-202). Mauney's statement that he swallowed the rock was not proper impeachment of his earlier statement. When asked in his deposition whether he denied swallowing the rock he said, "No" (T-201-202). This is not inconsistent with the following in-court statements, "I swallowed it" (T-200) and "I swallowed it" (T-203).

The state improperly impeached a critical defense witness and thus, impermissibly attacked the witness' credibility in front of the jury. Furthermore, this improper impeachment undermined appellant's theory of defense that he had nothing to do with the drug transaction and that it was only Mauney who possessed the cocaine sold to Det. Askintowicz. A reasonable juror could have had reasonable doubts as to appellant's guilt prior to the state's improper attack of Mauney's credibility. In sum, there is a strong likelihood that the improper admission of Mauney's prior statement effected the outcome of the trial. <u>See</u> <u>State v. DiGuilio</u>, 491 So. 2d 1129 (Fla. 1986).

Because a reasonable juror could have had reasonable doubts as to appellant's guilt and there was a strong likelihood that the improper admission of Mauney's prior statement affected the outcome of the trial, this Court should reverse and remand this case for a new trial.

9

## CONCLUSION

Based upon the foregoing argument and the authorities cited therein, appellant respectfully requests this Honorable Court to reverse and remand this cause for a new trial.

Respectfully submitted,

RICHARD JORANDBY
Public Defender
15th Judicial Circuit of Florida
Criminal Justice Building
421 Third Street/6th Floor
West Palm Beach, Florida 33401
(561) 355-7600

SOPHIA LETTS
Assistant Public Defender
Florida Bar No. 116440

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to Celia Terenzio, Assistant Attorney General, 1655 Palm Beach Lakes Blvd., Third Floor, West Palm Beach, Florida 33401 by courier this 11th day of June, 1998.

Attorney for Adrian McDonald

10

# EXHIBIT  6

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT                          JULY TERM 1998


**ADRIAN McDONALD,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

———————————————

CASE NO. 98-1367

———————————————

Decision filed  **November 25, 1998**

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry E. Goldstein, Judge; L.T. Case No. 97-13822 CF10.

Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.

Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM

AFFIRMED.

DELL, FARMER and SHAHOOD, JJ., concur.

**NOT FINAL UNTIL THE DISPOSITION OF ANY TIMELY FILED MOTION FOR REHEARING..**

# EXHIBIT  7

98-1-6441

# M A N D A T E

from

### DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

#### FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Barry J. Stone, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

DATE:                      December 11, 1998

CASE NO.:                  98-1367

COUNTY OF ORIGIN:          Broward

T.C. CASE NO.:             97-13822 CF10

STYLE:                     Adrian McDonald v. State

RECEIVED
OFFICE OF THE ATTORNEY GENERAL

DEC 14 1998

CRIMINAL DIVISION
WEST PALM BEACH



Marilyn Beuttenmuller, Clerk
District Court of Appeal
Fourth District

ORIGINAL TO:   Hon. Robert E. Lockwood, Clerk

cc:  Public Defender #15
     Attorney General - W Palm Beach

     /MG

# EXHIBIT 8

IN THE CIRCUIT COURT OF THE
**SEVENTEENTH** JUDICIAL CIRCUIT

in and for **BROWARD**

County, State of Florida

State of Florida     )
                        )
                        )

VS.               )
                        )

**ADRIAN McDONALD**      , )
    (Your Name)

Criminal Division

CASE NO: **97-13822 CF/0A**
(The original case number)

JUDGE: **BARRY GOLDSTEIN**

_____/

## MOTION FOR POSTCONVICTION RELIEF

COMES NOW DEFENDANT, **ADRIAN McDONALD** , in proper person
pursuant to the provisions of Rule 3.850 Fla. R. Crim. P. ,(1993) and the standards of Rule 3.987 Fla.
R. Crim. P. (1993) and hereby submits the following information to support his request for relief for
this Honorable Court's review:

### " STATEMENT OF FACTS "

1.   Name and location of the court that entered the judgement of conviction under attack:

**CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY,**

**FLORIDA**

2.   Date of Judgement and conviction: **February 13, 1998**

3.   Length of sentence: **20 years imprisonment as a habitual felony offender to be followed by 10 year**
**probation, and 5 years imprisonment to run concurrent with the 20 year sentence**

4.   Nature of offense(s) involved (all counts): **Delivery of Cocaine and possession of cocaine**

5.   What was your plea?      (CHECK ONLY ONE)

   (a) Not guilty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ✓

   (b) Guilty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

   (c) Nolo contendere . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

-1-

(d) Not guilty by reason of insanity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____

If you entered one plea to one count, and a different plea to another count, give details:_____

_____

_____

_____

_____

6.   Kind of Trial:                    (CHECK ONLY ONE)

   (a)  Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   _____✓_____

   (b)  Judge only without jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   _____

7.   Did you testify at the trial or at the pretrial hearing?. . . . . . . . . . . . . _____Yes __✓__No

   If yes list each such occasion:_____

_____

_____

8.   Did you appeal from the judgement of conviction? . . . . . . . . . . . . . __✓__Yes _____No

9.   If you did appeal, answer the following:

   (a)  Name of Court:  **Fourth District Court of Appeal**
_____

   (b)  Result:  **per Curium Affirmed**
_____

   (c)  Date of result:  **November 25, 1998**
_____

   (d)  Citation (if known): _____
_____

10.  Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petitions, applications, motions, etc., with respect to this judgement in this court?__yes_✓_no

11.  If your answer to number 10 was "yes", give the following information.

                  (applies only to proceedings in this court)

   (a) (1)  Nature of the Proceeding:  _____

_____

_____

_____

(2) Grounds raised: _____

_____

_____

(3) Did you receive an evidentiary hearing on your petition, application, motion, etc.?_____Yes_____No

(4) Result: _____

(5) Date of result: _____

12. Other than a direct appeal form the judgement of conviction and sentence, have you previously filed any petitions, applications, motions, etc.., with respect to this judgement in any other court? Yes_____ No _____.

13. If your answer to 12 was "yes", give the following information:

(a) (1) Name of court: _____

(2) Nature of the Proceeding: _____

_____

_____

_____

(3) Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, motion, etc.?_____Yes_____No

(5) Result: _____

(6) Date of result: _____

(b) As to any second petition, application, motion, etc.., give the same information:

(1) Name of court: _____

(2) Nature of the Proceeding: _____

_____

_____

_____

(3) Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, motion, etc.?_____Yes_____No

(5) Result: _____

(6) Date of result: _____

(c) As to any third petition, application, motion, etc.., give the same information:

    (1) Name of court: _____

    (2) Nature of the Proceeding: _____

_____

_____

_____

(3) Grounds raised: _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application, motions, etc,
Yes_____No_____

(5) Result: _____

(6) Date of result: _____

14. State concisely every ground on which you claim that the judgement or sentence is unlawful. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and the facts supporting them. For your information, the following is a list of the frequently raised grounds for postconviction relief. Each statement Preceded by a letter constitutes grounds for possible relief. You may raise any grounds that you may have, other than those listed. However, you should raise in this motion all available grounds (relating to this

conviction) on which you base your allegation that your conviction or sentence is unlawful.

## DO NOT CHECK ANY OF THESE LISTED GROUNDS

If you select one or more of these grounds for relief, you must allege facts. The motion will not be accepted by the court if you merely check (a) through (l).

(a) Conviction obtained by plea of guilty or nolo contendere that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(c) Conviction obtained by a violation of the protection against double jeopardy.

(d) Denial of effective assistance of counsel.

(e) Denial of right of appeal.

(f) Lack of jurisdiction of the court to enter the judgement or impose sentence (such as an unconstitutional statute).

(g) Sentence in excess of the maximum authorized by law.

(h) Newly discovered evidence.

(i) Changes in the law that would be retroactive.

A. Ground 1. __Ineffective Assistance of Counsel.__

_____

_____

Supporting FACTS: ( TELL YOUR STORY BRIEFLY WITHOUT CITING CASES OR LAW )

The Defendant was deprived of effective assistance of trial counsel when his trial counsel failed to file a timely motion to dismiss count one of the information, Delivery of Cocaine, prior to trial, in that the allegation and the evidence showed that the Defendant did not delivery any cocaine to Detective R. Askintowicz. See: Argument Point One of the Defendant's Memorandum of Law in support of his Rule 3.850 Motion for Post Conviction Relief accompanying this Motion.

B. Ground 2: __Ineffective Assistance of Counsel.__

_____

_____

Supporting FACTS: ( TELL YOUR STORY BRIEFLY WITHOUT CITING CASES OR LAW )

The Defendant was deprived of effective assistance of trial counsel during the plea negotiation prior to the commencement of trial when his trial counsel failed to argue that a habitual offender sentence was exempt from the operation of the sentencing guidelines. See: Argument Point Two of the Defendant's Memorandum of Law in support of his Rule 3.850 Motion for Post Conviction Relief accompanying this Motion.

C. Ground 3: __Ineffective Assistance of Counsel.__

Supporting FACTS: ( TELL YOUR STORY BRIEFLY WITHOUT CITING CASES OR LAW )

After the trial proceedings in this cause, trial counsel failed to file a timely motion for new trial in accordance with Rule 3.590 (a) of the Florida Rules of Criminal Procedure, thereby depriving the Defendant of all post-trial judicial review of the "Weight" and "Sufficiency" of the evidence that was not "overwhelming" under the facts of the case. See: Argument Point Three of the Defendant's Memorandum of Law in support of his Rule 3.850 Motion for Post Conviction Relief, accompanying this Motion.

D. Ground 4: __Illegal Hybrid Habitual Sentence__

Supporting FACTS: ( TELL YOUR STORY BRIEFLY WITHOUT CITING CASES OR LAW )

The Defendant asserts that his twenty (20) year sentence of imprisonment as a habitual felony offender status followed by ten (10) years probation with habitual offender status for count one, Delivery of Cocaine, is improper hybrid habitual sentence. See: Argument Point Four of the Defendant's Memorandum of Law in support of his Rule 3.850 Motion for Post Conviction Relief, accompanying this Motion.

15. If any of the grounds listed in section "14" A, B, C, and D, were not previously presented on your direct appeal, state briefly what grounds were not so presented, and give your reasons they were not so presented:

None. Grounds A, B, and C not cognizable on direct appeal. Grounds D and E ineffective assistance of appellate counsel and is fundamental error and can be raised at anytime including

_Post Conviction Relief._

_____

_____

_____

_____

_____

_____

16. Do you have any petition, application, appeal, motion, etc.., now pending in any court, either State or Federal, as to the judgement under attack? Yes_____ No __✓__ .

17. If your answer to 16 was "yes", give the following information:

    (a) Name of court: _____

    (b) Nature of the Proceeding: _____

    _____

    _____

    (c) Grounds raised: _____

    _____

    (d) Status of the proceedings: _____

    _____

    _____

18. Give the name and address, if known, of each attorney who represented you in the following stages of the judgement attacked herein.

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: _____

    (c) At trial: _James Walker, P.A., 1339 N.E. 4th Avenue, Fort Lauderdale, Florida 33304_

(d) At sentencing:  _Same as above_ _____

_____

_____

(e) On appeal:  _Sophia Letts, Assistant Public Defender, Fifteenth Judicial Circuit,_

_Criminal Justice Building, 421 3rd Street, West Palm Beach, Florida 33401_

_____

(f) In any postconviction Proceeding:  _____ _N/A_

_____

_____

(g) On appeal form any adverse ruling in a postconviction proceeding:  _N/A_

_____

_____

_____

WHEREFORE, movant requests that the court grant all relief to which the movant may be entitled in this proceeding, including but not limited to (list here nature of relief sought):

1. _To vacate and set aside his judgment and sentence and conduct an evidentiary hearing to resolve these matters._

2. Such other and further relief as the Court deems just and proper.

Respectfully Submitted:

/S/ _Adrian McDonald_
DEFENDANT PRO'SE

Print: _Adrian McDonald_ _____

DC# _082165_ ____    Mail # _4842_ ____

DESOTO CORRECTIONAL INSTITUTION
P. O. DRAWER  1072
ARCADIA, FL.  34265

STATE OF FLORIDA    )

COUNTY OF  DESOTO  )


Before me, the undersigned authority, this day personally appeared *Adrian Mc Donald* who first being duly sworn, says that he or she is the defendant in the above-style cause, that he or she has read the forgoing motion for postconviction relief and has personal knowledge of the facts and matters therein set forth and alleged; and that each and all of these facts and matters are true and correct.

/S/ *Adrian m McDonald*

Print: *Adrian Mc Donald*

DC#: *082165*    Mail # *4842*

DESOTO CORRECTIONAL INSTITUTION
P. O. DRAWER   1072
ARCADIA, FL. 34265


SWORN AND SUBSCRIBED TO before me this *5th* day of *January*, 199*9*.

Mary A. DeLoach
MY COMMISSION # CC726038 EXPIRES
May 23, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

*Mary A DeLoach*
(print, type or stamp name of notary public)

NOTARY PUBLIC, or other commissioned
person authorized to administer an oath.


Personally known_____✓_____ or produced identification _____✓_____.

Type of Identification produced: ____*State ID*____

DC# *082165*    Mail # *4842*

(rev.____1501)

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

STATE OF FLORIDA,

      Plaintiff,

vs.             CASE NO. 97-13822 CF10A

ADRIAN McDONALD,

      Defendant.

ARGUMENTS OF THE DEFENDANT'S MEMORANDUM
OF LAW IN SUPPORT OF HIS RULE 3.850 MOTION
FOR POST CONVICTION RELIEF.

By: _Adrian McDonald_

Adrian McDonald #082165
Mail #4842
Desoto Correctional Institution
P.O. Drawer 1072
Arcadia, Florida 34265

In Pro Se

<u>ARGUMENT</u>

<u>POINT ONE</u>

INEFFECTIVE ASSISTANCE OF COUNSEL.

The Defendant was deprived of effective assistance of trial counsel when his trial counsel failed to file a timely motion to dismiss count one of the information, Delivery of Cocaine, prior to trial, in that the allegation and the evidence established that the Defendant did not delivery any cocaine to Detective R. AsKintowicz and clearly showed that co-defendant approached Detective R. AsKintowicz and asked Detective R. AsKintowicz "What do you need?" and co-defendant then walked over to the Defendant who reached into his waistband and retrieved one piece of crack-cocaine, and co-defendant then delivered the above mentioned drug to Detective R. AsKintowicz for an exchange of ten dollars (R. 1).[1]

As can readily be seen from the evidence as outlined above, it clearly established that the Defendant did not deliver any cocaine to Detective R. AsKintowicz, and shows at best that the Defendant was in possession of cocaine.

The absence of a timely motion to dismiss count one, Delivery of Cocaine, prior to trial was crucial. It allowed the State on the day of trial after the jury had been selected and sworn to make an orally motion to amend count one, Delivery of Cocaine, to include Florida Statute 777.011, the principle (TR.72),[2] and to argue the principle theory to the jury during closing argument and this

---

[1] The symbol "R" refers to the Records

[2] The symbol "TR" refers to the Trial Transcripts

(1)

harmful aspect was used by the jury to infer the guilt of the Defendant.

The Defendant asserts that had trial counsel filed a timely motion to dismiss count one, Delivery of Cocaine, there's a reasonable probability the motion would have been granted by the trial Court.

Therefore, there is no judicial or strategic excuse for trial counsel's failure to file a timely motion to dismiss count one, Delivery of Cocaine.

In Knight vs State, 394 So. 2d 997, 1001 (Fla. 1981), the Florida Supreme Court articulated the standard to be used when reviewing a claim of ineffective assistance of trial counsel. The Defendant assert that this Point has satisfied the Knight, standard, i.e., the claim has been well pleaded, the Defendant has fulfilled the prima facie burden of demonstrating the omission committed by counsel was a serious deficiency measurably below that of competent counsel and that the omission was substantial enough that it affected the outcome of the proceeding.

(2)

## ARGUMENT

### POINT TWO

### INEFFECTIVE ASSISTANCE OF COUNSEL.

The Defendant was deprived of effective assistance of trial counsel during the plea negotiation prior to the commencement of trial when his trial counsel failed to argue that a habitual offender sentence was exempt from the operation of the sentencing guidelines after the prosecutor offered a plea for the top of the guidelines 34.625 months prison in the Tier Program as a habitual offender (TR.5). The Defendant did not accept the plea offer (TR.5).

Initially, the Defendant asserts that Section 775.084 (4)(e), Florida Statute (1997), exempts sentences imposed under the habitual offender statute from the operation of the sentencing guidelines. See: Holley vs State, 577 So.2d 624 (Fla. 1st DCA 1991); Owens vs State, 560 So.2d 1261 (Fla. 1st DCA 1990); King vs State, 557 So.2d 899 (Fla.5th DCA 1990).

Since the law is well settled that a habitual offender sentence is exempt from the operation of the sentencing guidelines, and that had counsel argued this issue during the plea negotiation after the prosecutor offered the plea and sentence, there's a reasonable probability that the prosecutor would have agreed to exclude the habitual offender status from the sentence offered. The Defendant asserts that had that happened that he would have pled guilty and accepted such sentence without habitual offender status, and there's a reasonable probability the trial Court would have accepted his plea and he would

(3)

have received a lesser sentence than the twenty (20) years imprisonment as an habitual felony offender to be followed by ten (10) years probation to run concurrent that he is currently serving.

The Defendant asserts that his allegation of ineffective assistance of counsel meets the test established by the United States Supreme Court in Strickland vs Washington, 466 U.S. 668, 104 S.Ct. 2052, 2054, 80 L.Ed. 2d 674 (1984), in that he has shown that counsel performance was deficient and that this deficient performance affected the outcome of the proceeding.

(4)

## ARGUMENT

### POINT THREE

### INEFFECTIVE ASSISTANCE OF COUNSEL.

After the trial proceedings in the cause, trial counsel failed to file a timely motion for new trial in accordance with Rule 3.590(a) of the Florida Rules of Criminal Procedure, thereby depriving the Defendant of all post-trial judicial reviews of the "Weight" and "Sufficiency" of the evidence that was not "overwhelming" under the facts of the case and thus prejudiced the Defendant of his right of plenary post verdict-appellate consideration of the factual legal claim, and the Defendant was deprived of effective assistance of counsel at a critical stage of the criminal proceeding before the trial court and the Appellate Court constituting a denial of due process of law and effective trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 Section 2 and 9 of the Florida Constitution.

In criminal cases where the evidence of guilt is tenuous, the obligation upon defense counsel to timely file a motion for new trial in order to preserve the defendant's right to judicial review of the weight of the evidence is substantially analogous, if not equal, to defense counsel's obligation to file a notice of appeal in order to preserve the defendant's right to appellate review.

Failure to timely file a notice of appeal is per se ineffective assistance of counsel because a defendant is deprived of his right to appellate review. State vs Meyer, 430 So. ad 440 (Fla. 1983). Since the only judicial review of    the

(5)

weight of the evidence available to an accused is a motion for new trial, a fortiori the failure to timely file such a motion which results in the loss of all judicial review of evidentiary weight should likewise constitute ineffective assistance of counsel, in violation of the defendant's constitutional rights. _Robinson vs State_, 462 So. 2d 471 (Fla. 1st DCA 1984).

The Florida Supreme Court in _Tibbs vs State_, 397 So. 2d 1120 (Fla. 1981), after having settled upon a new rule precluding appellate courts from reversing on grounds of evidentiary weight, expressly acknowledged that appellate courts continue to have authority to reverse a conviction "in the interest of justice" and emphasized that "each situation is unique". The Supreme Court commented:

> By eliminating evidentiary weight as a ground for appellate reversal, we do not mean to imply that an appellate court cannot reverse a judgment or conviction "in the interest of justice". The latter has long been, and still remains, a viable and independent ground for appellate reversal. Rule 9.140(f) of the Florida Rules of Appellate Procedure provides the relevant standards:
> In the interest of justice, the Court may grant any relief to which any party is entitled ...

In _Harper vs State_, 201 So. 2d 65, 67 (Fla. 1967), the Florida Supreme Court held that a motion for new trial represent a valuable right, see also _Massey vs State_, 50 (Fla) 109, 30 So. 736 and a hearing on the motion is a critical

(6)

stage of the trial and appellate proceedings.

The unique situation presented in this instant case warrants granting the Defendant a new trial in the interest of justice based upon the deprivation of the Defendant's right to any judicial review of evidentiary weight   under this unique circumstance constitutes a fundamental injustice. The Defendant never waived or intended to forego his right to judicial review of the weight of the evidence pursuant to a motion for new trial under Rule 3.600 (a)(2), of the Florida Rules of Criminal Procedure.

(7)

<u>ARGUMENT</u>

<u>POINT FOUR</u>

ILLEGAL HYBRID HABITUAL SENTENCE.

During the sentencing proceeding in this cause, the trial court found that the Defendant qualified as an habitual felony offender and rejected the State's request for a thirty (30) year sentence as an habitual felony offender as to count one, Delivery of Cocaine, and instead sentenced the Defendant to twenty (20) years imprisonment as a habitual felony offender to be followed by ten (10) years probation (R. 27-31, TR. 307).

As can evidently be seen, the trial court did not state during its oral sentencing pronouncement that it sentenced the Defendant as an habitual felony offender for his ten (10) years of probation.

The Defendant asserts that his twenty (20) year sentence of imprisonment as a habitual offender status followed by ten (10) years probation without habitual offender status is improper hybrid habitual sentence. See: <u>Albach vs State</u>, 634 So. 2d 254 (Fla. 2d DCA 1994); <u>PanKhurst vs State</u>, 632 So. 2d 142 (Fla. 2d DCA 1994). Defendant must be treated as habitual offender under both portions or neither portion of split sentence including imprisonment portion and probation portion. See: <u>Davis vs State</u>, 623 So. 2d 547 (Fla. 2d DCA 1993); <u>Branton vs State</u>, 620 So. 2d 1073 (Fla. 2d DCA 1993).

The Defendant further asserts that even though the above cited authorities relates to sentence of incarceration without habitual offender status followed

(8)

by probation with habitual offender status is improper hybrid habitual offender sentence, is substantially analogous and equal to the sentence imposed in this instant case, and must be treated likewise.

Since the law is thus well settled that sentence of incarceration with habitual offender status followed by probation without habitual offender status is improper hybrid habitual offender sentence, and defendant must be treated as habitual offender under both portions or neither portion of split sentence including incarceration portion and probation portion, the Defendant's probation must be stricken or the Defendant must be resentenced without habitual offender status and within the sentencing guidelines.

The Defendant asserts that the fact that the trial Court did not state during its oral pronouncement that it sentenced him to ten (10) years probation as an habitual felony offender, precludes him from being sentenced as an habitual felony offender for his ten (10) year probation sentence. See: Evans vs State, 675 So. 2d 1012 (Fla. 4th DCA 1996); Hill vs State, 652 So. 2d 904 (Fla. 4th DCA 1995); Newberry vs State, 616 So. 2d 1093 (Fla. 4th DCA 1993).

Therefore, the Defendant's probation must be stricken or he must be resentenced without habitual offender status and within the sentencing guidelines to 23.175 minimum prison months or 34.625 maximum prison months.

<u>ARGUMENT</u>

<u>POINT FIVE</u>

<u>DEFENDANT'S SENTENCE FOR DELIVERY OF
COCAINE IS DISPROPORTIONAL.</u>

The Defendant asserts that his twenty (20) year sentence as an habitual felony offender to be followed by ten (10) years probation for his conviction for Delivery of Cocaine, is disproportional because he was less culpable than co- defendant, Robert Mauney, and co-defendant, Robert Mauney, received a sentence of two (2) years community control house arrest and drug evaluation classes in a plea bargin (R.27-31, TR.307, TR.185-186, 192, 195).

The Florida Supreme Court have stated :

" We pride ourselves in a system of justice that requires equality before the law. Defendants should not be treated differently upon the same or similar facts. When the facts are the same, the law should be the same". <u>Slater vs State</u>, 316 So. 2d 539, 542 (Fla. 1975).

The evidence in this instant case established that on July 15, 1997 around 9:00 o'clock in the evening, Detective R. AsKinowicz, while working as an undercover officer to buy drugs off people in a bust buy in the 4800 block of Dixie Highway, with backup unit of the S.E.T. Team, Strategic Enforcement Team, Detective Matt Baldwin and Detective Steve Cady, and when Detective R. AsKinowicz pulled

(10)

into the Circle K in an unmarked car, co-defendant, Robert Mauney and an in-
dividual named Grady Eaford approached him, and co-defendant, Robert Mauney,
asked him "What do you want?" and he said, "A ten cent piece (TR.106-107, 115-
116). Grady Eaford then walked away (TR.116). The Defendant was about fifteen,
twenty, twenty-five feet away (TR.116). Co-defendant, Robert Mauney went to-
wards the Defendant and they spoke for a while and the Defendant looked at Detective
R. Askinowicz, reached in his waistband, removed something and put it inside co-
defendant, Robert Mauney, hand, and co-defendant, Robert Mauney, walked back to-
wards Detective R. Askinowicz and gave him a piece of white rock cocaine and he gave
co-defendant, Robert Mauney, a ten dollar bill (TR.108). Detective R. Askinowicz then
left the area, and said over the radio the description of the suspects and he told
the backup unit to move in and consequently the Defendant and co-   defendant,
Robert Mauney, was arrested (TR.108).

   As can readily be seen from the evidence as outlined above, it clearly shows
that co-defendant, Robert Mauney, was the prime instigator and was more culpable
than the Defendant.

   In case or cases very similar to this case where defendant received dis-
proportional sentence because he was less culpable than co-defendant have  been
resolved, for an example and in support of the Defendant's Argument in Point Five
see: Hazen vs State, 700 So. ad 1207 (Fla. 1997).

   In Hazen the Florida Supreme Court remanded the defendant's sentence of
death that was disproportional because he was less culpable than co-defendant,
Buffkin, co-defendant, Buffkin, received a sentence of Life imprisonment

(11)

without possibility of parole for twenty-five years in a plea bargain with institution that the trial court resentence the defendant to Life imprisonment with possibility of parole for twenty-five years for first degree felony murder.

Therefore, in this instant case, co-defendant, Robert Mauney, two (2) year sentence of community control house arrest and drug evaluation classes in plea bargain precludes a twenty (20) year sentence as a habitual felony offender to be followed by ten (10) years probation for the Defendant and the Defendant must be resentenced to two (2) years of community control house arrest and drug evaluation classes for count one, Delivery of Cocaine.

## CONCLUSION

WHEREFORE, based upon the facts and authorities as related, the Defendant respectfully respectfully requests this most Honorable Court to

(12)

Vacate his judgment and sentence an conduct an evidentiary hearing to resolved these matters.

Respectfully submitted,

*Adrian McDonald*

Adrian McDonald #082165

Mail #4842

Desoto Correctional Institution

P. O. Drawer 1072

Arcadia, Florida 34265

STATE OF FLORIDA

COUNTY OF DESOTO

BEFORE ME, the undersigned authority, who personally appeared *Adrian McDonald*, who first being duly sworn, deposes and says that: He is the Defendant in the above-entitled cause and that he has read the foregoing Arguments of the Defendant's Memorandum of Law in support of his Rule 3.850 Motion for Post Conviction Relief and that he has personal Knowledge of the facts and matters as alleged and set forth therein and that all of these facts and matters are true and correct.

*Adrian McDonald*

Defendant

SWORN TO AND SUBSCRIED before me this 5th day of January 19 99.

*Mary A. DeLoach*

NOTARY

Mary A. DeLoach
MY COMMISSION # CC726038 EXPIRES
May 23, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

Personally Known by _____✓_____ and produced for identification
D.C. Inmate I.D. tag # _____082165_____ .

(13)

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing Arguments of the Defendant's Memorandum of Law in support of his Rule 3.850 Motion for Post Conviction Relief, has been furnished to the Office of the State's Attorney, Room 640, 201 S.E. 6<sup>th</sup> Street, Fort Lauderdale, Florida 33301-3306 by U.S. Mail Delivery this 5<sup>th</sup> day of January 19 99.

Adrian McDonald

Adrian McDonald #082165

(14)

# EXHIBIT  9



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,     :

     Plaintiff,     :        CASE NO.   97-13822CF10

vs.     :

                   JUDGE:    **GOLDSTEIN**

ADRIAN MCDONALD,     :

     Defendant.     :

---

## STATE'S RESPONSE TO THE DEFENDANT'S MOTION FOR POST CONVICTION RELIEF

**THE STATE OF FLORIDA**, by and through the undersigned Assistant State Attorney, files this Response to the Defendant's above-captioned Motion pursuant to Rule 3.850, Florida Rules of Criminal Procedure. As grounds for his Motion, McDonald asserts four (4) errors he believes entitle him to relief from his current judgment and sentence. For the reasons outlined herein, the Motion is without merit.

Initially, the Defendant complains his counsel failed to move for dismissal of the Delivery of Cocaine charge on grounds that there was insufficient evidence to support a conviction. The Defendant maintains he merely handed the cocaine purchased by the officer to a co-defendant who actually 'delivered' the contraband to the officer. *See Defendant's Sworn Memorandum, p.1.* Pursuant to Section 777.011, Florida Statutes, McDonald is therefore equally responsible for the delivery of the drug. *See generally* **Lovette v. State**, 636 So. 2d 1304 (Fla. 1994). Moreover, the District Court's subsequent review found substantial competent evidence to sustain a conviction. *See Exhibit A. And see* **Evans v. State**, 692 So. 2d 966 (Fla. 5th DCA 1997) [affirmation on appeal requires finding of substantial competent evidence to support the verdict].

Next, McDonald argues his former lawyer failed to advise the prosecution that a Habitual Offender sentence was exempt from the guidelines. The Defendant reasons here that the State only offered him a plea to the top of the guidelines because the prosecutor believed

1

the guidelines were applicable. This argument requires no legal analysis; it is a matter of common sense. Not only is the prosecutor presumed to know the law, but any misunderstanding would have benefited McDonald in negotiations. The Defendant was offered the *top* of the guidelines rather than the bottom. Hence, the intent would have been to offer McDonald a *greater* term of incarceration rather than lesser.

Third, the Defendant argues his counsel failed to file a Motion For New Trial which would have preserved the "weight" and "sufficiency" of the evidence for appellate review. However, the Motion fails to provide specific facts about McDonald's case that explain how the outcome of the proceedings would have been different but for counsel's omission. *See* **Valle v. State**, 705 So. 2d 1331 (Fla. 1997); **Haliburton v. Singletary**, 691 So. 2d 466 (Fla. 1997). Thus, the claim is legally insufficient.

Lastly, McDonald claims he received an illegal hybrid sentence from this cause because his habitual offender prison sentence is followed by non-habitual probation. Review of the relevant sentencing documents reveal otherwise; the Defendant was declared a Habitual Offender and sentenced accordingly in all respects. *See Exhibits C & D.*

Based on the foregoing authority, the State recommends the Motion be summarily **DENIED** in accord with Rule 3.850(d) as the Motion fails to present a prime facie case for the requested relief.

I **HEREBY CERTIFY** that a copy of the foregoing pleading was sent by U.S. Mail and/or fax to Adrian McDonald, Inmate No. 082165, Florida State Prison, P.O. Box 1072, Arcadia, Florida 34265, this 20th day of July, 1999.

J. SCOTT RAFT
Assistant State Attorney
Florida Bar No. 559441
675 Broward County Courthouse
201 Southeast Sixth Street
Fort Lauderdale, Florida 33301

EXHIBIT 'A'

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

### FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Barry J. Stone, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

DATE:                    December 11, 1998

CASE NO.:                98-1367

COUNTY OF ORIGIN:        Broward

T.C. CASE NO.:           97-13822 CF10

STYLE:                   Adrian McDonald v. State



                              Marilyn Beuttenmuller, Clerk
                              District Court of Appeal
                              Fourth District

ORIGINAL TO:    Hon. Robert E. Lockwood, Clerk

cc:  Public Defender #15
     Attorney General - W Palm Beach

     /MG

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT                            JULY TERM 1998


**ADRIAN McDONALD,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

---

CASE NO. 98-1367

---

Decision filed  November 25, 1998

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry E. Goldstein, Judge; L.T. Case No. 97-13822 CF10.

Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.

Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM

AFFIRMED.

DELL, FARMER and SHAHOOD, JJ., concur.

**NOT FINAL UNTIL THE DISPOSITION OF ANY TIMELY FILED MOTION FOR REHEARING..**

EXHIBIT 'B'

## 17th Judicial Circuit in and for Broward County

### Criminal Division

# UNIFORM COMMITMENT TO CUSTODY OF DEPARTMENT OF CORRECTIONS

THE Circuit Court of BROWARD County in the    FALL    Term,    **1997**    in the case of

## STATE OF FLORIDA

### VS.

Adrian Myric McDonald                    97-13822 CF
(DEFENDANT)                              (CASE NUMBER)

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, TO THE SHERIFF OF SAID COUNTY AND THE DEPARTMENT OF CORRECTIONS OF SAID STATE, GREETINGS:

   The above named defendant having been duly charged with the offense specified herein in the above styled Court, and he having been duly convicted and adjudged guilty of and sentenced for said offense by said Court, as appears from the attached certified copies of indictment/information, Judgment and Sentence, and Felony Disposition and Sentence Data form which are hereby made parts hereof;

   Now therefore, this is to command you, the said Sheriff, to take and keep and, within a reasonable time after receiving this commitment, safely deliver the said defendant, together with any pertinent investigation Report prepared in this case, into the custody of the Department of Corrections of the State of Florida; and this is to command you, the said Department of Corrections, by and through your Secretary, Regional Directors, Superintendents, and other officials, to keep and safely imprison the said defendant for the term of said sentence in the institution in the state correction system to which you, the said Department of Corrections, may cause the said defendant to be conveyed to thereafter transferred. And these presents shall be your authority for the same. Herein fail not.



WITNESS the Honorable    BARRY E. GOLDSTEIN
Judge of said Court, as also
ROBERT E. LOCKWOOD, Clerk, and the
Seal thereof, this 13 day of February, 1998

ROBERT E. LOCKWOOD, Clerk

BY _____
Deputy Clerk

FORM 398002

| [ ] 17th Judicial Circuit in and for Broward County | **CLOCK IN** |
|---|---|

| **DIVISION:** Criminal | **SENTENCE** as to Count I | |
|---|---|---|

| THE STATE OF FLORIDA VS. Adrian Maurice McDonald | **CASE NUMBER** |
|---|---|
| **PLAINTIFF**                    **DEFENDANT** | 97-13822CF |

The Defendant, being personally before this Court, accompanied by his attorney, James Walker and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he sentenced as provided by law, and cause shown,

(Check One)
[X] and the Court having on December 11, 1997 deferred imposition of sentence until this date.
[ ] and the Court having previously entered a judgment in this case on the defendant now re sentences the defendant.
[ ] said the Court having placed the Defendant on Probation/Community Control and having subsequently revoked the Defendant's Probation/Community Control.

IT IS THE SENTENCE OF THE COURT that:

The Defendant pay a fine of $ _____ , pursuant to F.S. 775.063, plus $ _____ at the 5% surcharge required by F.S. 960.25

[X]    The Defendant is hereby committed to the custody of the Department of Corrections.

[ ]    The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.

[ ]    The Defendant is hereby sentenced as a youthful offender in accordance with F.S. 958.04.

TO BE IMPRISONED (check one: unmarked sections are inapplicable)

[ ]    For a term of Natural Life.

[X]    For a term of Twenty (20) years

[ ]    Said SENTENCE IS SUSPENDED for a period of _____ subject to conditions set forth in this Order.

If "split" sentence, complete either paragraph.

____X____    Followed by a period of Ten (10) years on Probation/Community Control under the supervision of the Department of Correction according to the terms and conditions of supervision set forth in separate order entered herein.

_____    However, after serving a period of _____ imprisonment in the balance of such sentence shall be suspended and the defendant shall be placed on Probation/Community Control for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of Probation/Community Control set forth in a separate order entered herein.

FORM 380FF90
REVISED 9-90

| DIVISION:<br>CRIMINAL | SENTENCE<br><br>( AS TO COUNT _____ I _____ ) | CASE NUMBER<br><br>97-13822CF |
|---|---|---|

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

## SPECIAL PROVISIONS
### ( As to Count _____ I _____ )

By appropriate notation, the following provisions apply to the sentence imposed:

MANDATORY/MINIMUM PROVISIONS:

FIREARM _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 775.087(2) are hereby imposed for the sentence specified in this count.

DRUG TRAFFICKING _____ It is further ordered that the _____ mandatory minimum imprisonment provisions of Florida Statute 893.135(1) are hereby imposed for the sentence specified in this court.

CONTROLLED SUBSTANCE WITHIN 1000 FEET OF SCHOOL _____ It is further ordered that the three year minimum imprisonment provision of Florida Statute 893.13(1)(e) 1, are hereby imposed for the sentence specified in this court.

HABITUAL FELONY OFFENDER __X__ The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in this sentence in accordance to the provisions of Florida Statute 775.084(4). The requisite findings by the court are set forth in a separate order or stated on the record in open court.

HABITUAL VIOLENT OFFENDER _____ The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provision of Florida Statute 775.084(4). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court are set forth in a separate order or stated on the record in open court.

LAW ENFORCEMENT PROTECTION ACT _____ It is further ordered that the Defendant shall serve a minimum of _____ years before release in accordance with Florida Statute 775.0823.

CAPITAL OFFENSE _____ It is further ordered that the Defendant shall serve no less than 25 years in accordance with the provisions of Florida Statute 775.082(1).

VIOLENT CAREER CRIMINAL _____ The defendant is adjudicated a violent career criminal offender and has been sentenced to an term in accordance with the provision of Florida Statute 775.084(4)(c). A minimum term of _____ year(s) must be served prior to release. The requisite findings by the court a set forth in a separate order or stated on the record in open court.

| DIVISION:<br>CRIMINAL | SENTENCE<br>( AS TO COUNT _____ I _____ ) | CASE NUMBER<br>97-138220T |
|---|---|---|

## OTHER PROVISIONS

**SHORT-BARRELED RIFLE,**
**SHOTGUN, MACHINE GUN** _____ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this count.

**CONTINUING CRIMINAL**
**ENTERPRISE** _____ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

**RETENTION OF**
**JURISDICTION** _____ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

**JAIL CREDIT** _α_____ It is further ordered that the defendant shall be allowed a total of _67_ days as credit for time incarcerated prior to imposition of this sentence.

**PRISON CREDIT** _____ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**CONSECUTIVE/**
**CONCURRENT AS**
**TO OTHER COUNTS** _____ It is further ordered that the sentence imposed by this court shall run _____ consecutive to _____ concurrent with (check one) the sentence set forth in count _____ of this case.

IN THE CIRCUIT COURT OF ___ 17TH JUDICIAL
AND FOR B___ COUNTY, FLORIDA

EXHIBIT 'C'                    -7-138¢2 CF10A
                              ¢I
                    8597-27510    ROR  (IC)  CASH  SURETY

STATE OF FLORIDA,                )
          PLAINTIFF,             )
vs. Adrian Myric McDonath        )        ORDER OF PROBATION
          DEFENDANT,             )

THE DEFENDANT, having:          [Counts  I. Del of Cocaine
                                 II  Poss of Cocaine

a. _____ entered a plea of guilty/nolo contendere to:    [ _____

b. __✓__ been found guilty of:    [ _____

c. _____ prior probation is hereby revoked:    [ _____

THE COURT HEREBY:
d. __✓__ adjudges you guilty of count(s) _____
e. _____ withholds adjudication of guilt for count(s) _____

IT IS ORDERED AND ADJUDGED THAT, subject to the laws of this State:
f. _____ you are hereby placed on probation for a period of _____
           to be supervised by the Department of Corrections.
g. __✓__ (split sentence) you shall be confined in:        II S4ew FSP
           1. the custody of the Sheriff of Broward County for a period of _____
           2. the custody of the Department of Corrections, Florida for a period of  20480ns FSP fee b/
           after which you shall be on probation for a period of  10,elene odota _____, to commence upon release.
h. _____ (Administrative Probation) you may, upon satisfactory completion of half the term of imposed probation and effective upon entry of an
           appropriate order, be transferred to Administrative Probation as defined in Chapter 948.001(I) F.S. After payment of a $50.00 processing
           fee, all previously imposed conditions, except (k.) (5.), will be deleted.
i. _____ (Drug Offender Probation) you are hereby placed on drug offender probation as defined in Chapter 948.001 (3) F.S. for a period of

IT IS FURTHER ORDERED AND ADJUDGED THAT YOU WILL COMPLY WITH, AND CONFORM TO, THE FOLLOWING GENERAL AN[
SPECIAL                         CONDITIONS                    OF                     PROBATION
j. __✓__ you must report, in person, immediately or on the next working day after release from confinement to: PROBATION OFFICE, 10 West Las
         Olas Boulevard, FORT LAUDERDALE, FLORIDA.
k. __✓__ you shall not do any of the following (without first obtaining the consent of your probation officer)
           1. change the place where you live or work;
           2. leave the County where you live;
           3. you will not possess, carry or own any firearm. You will not possess, carry or own any other weapons without first procuring the consent
              of your officer;
           4. associate with any person engaged in any criminal activity;
           5. violate any law of any city, county, state or the United States (a conviction in a court of law is not necessary for you to be found in violation);
           6. use any controlled substance, unless permitted by law;
           7. use any intoxicants;
           8. visit places where controlled substances are unlawfully sold, dispensed or used.
l. __✓__ you must do each of the following:
           1. you will work diligently at a lawful occupation, advise your employer of your supervision status and support your dependents to the best of your
              ability, as directed by your officer;
           2. answer promptly and truthfully any and all questions put to you by either the Court or any probation officer;
           3. allow a duly authorized probation officer to visit you in your home, your place of employment or elsewhere;
           4. follow carefully and faithfully both the letter and spirit of valid instructions given you by a duly authorized probation officer;
           5. file a full and truthful written report with your probation officer, no later than the fifth day of each and every month of your probation, upon a form
              be furnished you;
           6. pay the sum of $50.00 per month, or any increased amounts authorized by law, for costs of supervision while on probation, unless modified as follow.

           7. pay the sum(s) of:
              a) $ _____ court costs                        Fill in Clerk with
              b) $ 50 victim costs on counts _____  ROBERT E. LOCKWOOD,
              c) $ 200 "trust fund" or _____ 50.3 hours community service (F.S. 27.3455).    CLERK
              d) $ 5 assessment.
              e) $ _____                                    ON  FEB 1 3 1998
                 on a schedule to be determined by your probation officer.    BY _____
              f) $ _____ emergency medical fund.

CLERK'S COPY

will comply with the following special conditions of probation:

_____ 1. Spend _____ in custody of Broward County Sheriff and comply with all rules of the institution in which you were placed with credit for _____ days time served.

_____ 2. Spend _____ in the Department of Corrections residential restitution program and comply with all rules and regulations thereof.

_____ 3. Spend _____ weekends, 8:00 a.m. to 5:00 p.m., participating in any special work program which may be instituted at the Broward County Stockade or as otherwise may be directed by the probation officer.

_____ 4. You will attend and successfully complete the following rehabilitation program to be selected by your probation officer or such other entity that may be determined by the Court and you will continue that program until no longer deemed necessary by your probation officer or the Court. Further, you will abide by all rules and regulations of the program, attend all appointments and follow all lawful instructions of the director and staff:

_____ (a) an in-patient _____ alcohol, _____ drug, _____ psychological program

_____

_____ (b) an out-patient _____ alcohol, _____ drug, _____ psychological program

_____

_____ (c) _____ program

_____ (d) submit to evaluation for counseling or placement in a _____ alcohol, _____ drug, _____ psychological rehabilitation program to be selected by the probation officer based upon such evaluation. (Upon request the Court will grant a hearing in the event of dispute).

_____ (e) the defendant is to be held in custody until released to a representative of _____ or otherwise directed by the probation officer or the Court.

_____ 5. You will submit to urinalysis, breathalyzer or blood tests at any time requested by your officer or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances. You shall be required to pay for such tests unless otherwise waived by your officer.

_____ 6. Not use or possess alcoholic beverages for any purpose.

_____ 7. Not drive or operate a motor vehicle except _____

_____ 8. Make restitution to the victim _____ in the amount of $_____, or in an amount to be determined by the Court in the event the probation officer and the parties are not able to reach agreement, all on a schedule to be determined by the probation officer.

_____ 9. Pay public defender's fee in the sum of $_____ on a schedule to be determined by the probation officer.

_____ 10. Pay fine in the amount of $_____ plus 5% surcharge on a schedule to be determined by the probation officer.

_____ 11. Perform _____ hours of community service, or, in lieu thereof, make the following voluntary contribution in the sum of $_____ to the following organization: _____ in lieu of additional conditions of probation.

_____ 12. You will obtain a G.E.D., or equivalent, or participate in a special educational or training program to be determined by your probation officer, or as follows:

_____

_____ 13. You will not associate, communicate or have any contact with _____

_____ 14. Other: Hab Offender _____

_____

n. The Court reserves the right to rescind, modify or revoke probation to the extent provided by law.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 13 day of February, 19 98.

nunc pro tunc, _____.

JUDGE, CIRCUIT COURT

I have received a copy of the terms and conditions of my probation. I have read and understand these conditions and agree to report to the Department of Corrections Intake Unit, 10 West Las Olas Boulevard, for further instructions. Also, I hereby consent to the disclosure of my alcohol & drug abuse patient records, the confidentiality of which is federally regulated under 42CFR, part II, for the duration of my supervision.

Defendant                                Instructed by

# EXHIBIT  10

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
## IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,                    :
    Plaintiff,                    : **Case No:   97-13822CF10A**


v.                                   : **Judge     GOLDSTEIN**

ADRIAN MCDONALD,
    Defendant.                   :

_____

### ORDER DENYING DEFENDANT'S
### MOTION FOR POST CONVICTION RELIEF

THIS CAUSE having come before this Court upon the Defendant's Motion for Post-Conviction Relief, pursuant to Fla.R.Crim.P. 3.850(d), and the Court having considered same, along with the State's Response thereto, and being fully advised in the premises, it is hereby,

**ORDERED AND ADJUDGED** that the Defendant's Motion for Post-Conviction Relief is hereby **DENIED,** for the reasons contained in the State's Response, a copy of which is attached hereto.

Defendant has thirty (30) days to appeal from the rendition of this Order pursuant to Fla.R.Crim.P. 3.850(d).

**DONE AND ORDERED** in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, dated this 2-6 day of JULY, 1999.

BARRY E. GOLDSTEIN
A TRUE COPY

_____
**BARRY E. GOLDSTEIN**
CIRCUIT COURT JUDGE

cc:
J. Scott Raft, ASA

Adrian McDonald, DC#082165
Florida State Prison
P.O. Box 1072 Arcadia, Fl 34265

# EXHIBIT 11

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

STATE OF FLORIDA,

      Plaintiff,

   vs.

ADRIAN McDONALD,

      Defendant.

CASE No. 97-13822 CF-10-A

Judge: Goldstein

## MOTION FOR REHEARING AND OR RECONSIDERATION OF DECISION

Comes now Defendant, ADRIAN McDONALD, In Pro Se and hereby Pursuant to Rule 3.850 (g) of the Florida Rules of Criminal Procedure, respectfully moves this most Honorable Court for Rehearing and or Reconsideration of its decision and submits the following in support therefor:

   1. On July 26, 1999 the Honorable Judge, Barry E. Goldstein, denied the Defendant's Rule 3.850 Motion for Post Conviction Relief for the reasons stated in the State's response and attachment thereto.

   The Defendant asserts that this Court has failed to follow the precedent authority of <u>Webb vs State</u>, 642 So. 2d 782 (Fla. 1st DCA 1994),

(1)

where it has been held that order denying Motion "for the reason set forth in the State's response and attachment of response was insufficient to refute motion.

2. That if this Court had given the required careful literal reading of the as confined within its scope of review it would have learned that in ground one the Defendant was complaining that his trial counsel was ineffective for failing to file a motion for dismissal of the delivery of cocaine charge after speedy trial time had run and the omission by trial counsel allowed the State to amend its information on the day of trial by adding the principle statute Section 777.011, and that the state's response to this claim that the Defendant complains his counsel failed to move for dismissal of the delivery of cocaine charge on grounds that there was insufficient evidence to support a conviction, is not even in response to the Defendant's claim.

3. That this Court has overlooked the fact that a habitual offender sentence is exempt from the sentencing guideline and that by the Defendant trial counsel failure to advise the prosecutor and the trial judge of this fact when the State offered the Defendant a plea to the top of the guidelines as an habitual offender sentence, and the omission by trial counsel was the reason why the Defendant rejected the State's plea offer because of his personal awareness of the possibility and reasonable consequences of habitualization.

4. That this Court has overlooked the fact that the filing of a timely Motion for New Trial is required by Rule 3.590(A) of the Florida Rules of Criminal Procedure to preserve the "weight" and "sufficiency" of the

(2)

evidence for appellate review, and the omission by trial counsel is obviously self explanatory how this omission effect the outcome of the proceedings, and there's a reasonable possibility that if trial counsel had filed a timely Motion for New Trial and provided specific facts about the Defendant's case, it would have been properly before the appellate court for review of the "weight" and "sufficiency" of the evidence, the result of the appeal might have been different.

5. That if this Court had given the required careful literal reading of the Motion as confined within its scope of review, insteading of relying upon the state's response and attached written sentencing order thereto to refute the Defendant's claim that he received an illegal hybrid sentence because his habitual offender prison sentence is followed by non-habitual offender probation, and had conducted an independent review of the oral sentencing pronouncement it would have learned that it in fact sentenced the Defendant to twenty (20) years imprisonment as an habitual felony offender to be followed by ten (10) years probation (TR.307), and it can clearly be seen that this Court did not state during its oral pronouncement that it sentenced the Defendant to ten (10) years probation as an habitual felony offender, and it is well settled law that oral pronouncement of sentence controls over written sentencing order, see Howard vs State, 591 So. 2d 1067 (Fla. 4th DCA 1991).

6. That this Court has overlooked or failed to conduct an independent review of the Motion because it did not address issue No. 5 of the Motion where the Defendant claims that he received a disproportional sentence.

(3)

Under the facts and circumstances stated herein, the actions taken by this Court in this case was a departure of the essential requirements of law as confined to its scope of review, so as it could not be said that a litigant was denied access to court in violation of due process and equal protection of the law.

WHEREFORE, the Defendant respectfully request rehearing and or re-consideration of this Court's decision in this cause for this Court to correct those procedures of law which have not been followed.

Respectfully submitted,

Adrian McDonald

Adrian McDonald # 082165

Mail # 4842

Desoto Correctional Institution

P. O. Drawer 1072

Arcadia, Florida 34265


In Prose


(4)

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Motion for Rehearing and or Reconsideration of Decision has been furnished to J. Scott Raft, Assistant State Attorney, 675 Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301 by U.S. Mail delivery this 6th day of August 19 99.

Adrian McDonald

Adrian McDonald #082165

(5)

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.: 97-13822CF10A
JUDGE: GOLDSTEIN

STATE OF FLORIDA,
     Plaintiff,

vs.

ADRIAN McDONALD
     Defendant.

----------------------------------------

     THIS CAUSE came before the Court upon the Defendant's Motion for Rehearing and for Reconsideration and the Court having reviewed the Motion, and being otherwise familiar with the premises thereof, it is thereupon;

     ORDERED AND ADJUDGED that the Defendant's Motion for Rehearing and for Reconsideration is hereby denied.

     Defendant has thirty (30) days to appeal from the date of the rendition of this order.

     DONE AND ORDERED this 28th day of September, 1999 at Fort Lauderdale, Broward County, Florida.

BARRY E. GOLDSTEIN
CIRCUIT JUDGE

cc:
State Attorney
Adrian McDonald DC#082165
Desoto Correctional Institution  Mail #4842
Post Office Drawer 1072
Arcadia, Florida 34265
Defendant

# EXHIBIT  12

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.: 97-13822CF10A
JUDGE: GOLDSTEIN

STATE OF FLORIDA,
     Plaintiff,

vs.

ADRIAN McDONALD
     Defendant.

------------------------------------------

THIS CAUSE came before the Court upon the Defendant's Motion for Rehearing and for Reconsideration and the Court having reviewed the Motion, and being otherwise familiar with the premises thereof; it is thereupon;

ORDERED AND ADJUDGED that the Defendant's Motion for Rehearing and for Reconsideration is hereby **denied**.

Defendant has thirty (30) days to appeal from the date of the rendition of this order.

DONE AND ORDERED this 28th day of September, 1999 at Fort Lauderdale, Broward County, Florida.

> BARRY E. GOLDSTEIN
> A TRUE COPY

BARRY E. GOLDSTEIN
CIRCUIT JUDGE

cc:
State Attorney
Adrian McDonald DC#082165
Desoto Correctional Institution  Mail #4842
Post Office Drawer 1072   .
Arcadia, Florida 34265
Defendant

# EXHIBIT 13

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

STATE OF FLORIDA,

      Plaintiff,

vs.                  CASE NO. 97-13822 CF 10A

ADRIAN MCDONALD,

      Defendant.

RECEIVED
OFFICE OF THE ATTORNEY GENERAL
OCT 12 1999
CRIMINAL DIVISION
WEST PALM BEACH

## NOTICE OF APPEAL

NOTICE IS GIVEN that ADRIAN McDONALD, Defendant/Appellant, appeals to the Fourth District Court of Appeal the Order of this Court rendered on July 26, 1999 and September 28, 1999. The nature of the orders are final orders denying Defendant's Rule 3.850 Motion for Post Conviction Relief, and Motion for Rehearing and or Reconsideration of Decision.

Adrian McDonald

Adrian McDonald #082165

Mail #4842

Desoto Correctional Institution

P.O. Drawer 1072

Arcadia, Florida 34265

(1)           In Prose

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Appeal has been furnished to J. Scott Raft, Assistant State Attorney, 675 Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, and the Office of the Attorney General, Criminal Section, Department of Legal Affairs, 1655 Palm Beach Lake Blvd., Third Floor; West Palm Beach, Florida 33401-2299 by U.S. Mail delivery this 8th day of _Detcher_ 19 99.

*Adrian McDonald*

Adrian McDonald # 082165

(2)

# EXHIBIT  14

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT                                    JULY TERM 1999

**ADRIAN McDONALD,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

---

CASE NO. 99-3870

---

Decision filed **December 22, 1999**

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry E. Goldstein, Judge; L.T. Case No. 97-13822 CF10A.

Adrian McDonald, Arcadia, pro se.

No appearance required for appellee.

PER CURIAM.

AFFIRMED.

STONE, FARMER and TAYLOR, JJ., concur.

**NOT FINAL UNTIL THE DISPOSITION OF ANY TIMELY FILED MOTION FOR REHEARING.**

RECEIVED
OFFICE OF THE ATTORNEY GENERAL

DEC 22 1999

CRIMINAL DIVISION
WEST PALM BEACH

# EXHIBIT  15

# M A N D A T E

from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable MARTHA C.WARNER, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:**                    January 21, 2000

**CASE NO.:**                4D99-3870

**COUNTY OF ORIGIN:**        Broward

**T.C. CASE NO.:**           97-13822 CF

**STYLE:**                   ADRIAN MCDONALD          v.   STATE OF FLORIDA



*Marilyn Beuttenmuller*
**MARILYN BEUTTENMULLER, Clerk**
**Fourth District Court of Appeal**

RECEIVED
OFFICE OF THE ATTORNEY GENERAL
JAN 2 4 2000
CRIMINAL DIVISION
WEST PALM BEACH

**ORIGINAL TO:**        Robert E. Lockwood, Clerk
**cc:**
Adrian Mcdonald        Attorney General-W.P.B.

al