CHs

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADRIAN MCDONALD,
Petitioner,

vs.

MICHAEL W. MOORE,
Respondent.

CASE No. 00-6153-CIV-ZLOCH
MAGISTRATE JUDGE SORRENTINO

PETITIONER'S REPLY IN REBUTTAL TO THE RESPONDENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS/MEMORANDUM OF LAW

Comes now Petitioner, ADRIAN MCDONALD, In ProSe and hereby respectfully makes and files this Reply as aforesaid and states as follows:

1. In its first response, the Respondent claims that in the instant petition that the third issue raised by Petitioner was not properly presented in his Rule 3.850 motion, and therefore is unexhausted.

In Reply, Petitioner asserts that the third issue raised in the instant Petition was properly presented in his Rule 3.850 Motion in that it was raised and presented in the Memorandum of Law incorporated with his Rule 3.850 Motion. see: Respondent's Exhibit #8 page No. 20-22 attached to its Response. Moreover, after the denial of Petitioner's Rule 3.850



51.A1

13

Motion, Petitioner filed a Motion for Rehearing and or Reconsideration of Decision and brought to the Court's attention that it had failed to address issue No. 5 of the Motion. see: Respondent's Exhibit #11 page No. 3 paragraph No. 6 attached to its Response. Furthermore, Petitioner appealed the denial of his Rule 3.850 Motion and Motion for Rehearing and or Reconsideration of Decision. see: Respondent's Exhibit #13 attached to its Response.

Therefore, this issue was fairly presented to the state Court and is proper before this Court for review, consideration and determination upon the merit of the claim.

2. In its second response, the Respondent claims that the grounds promoted by Petitioner are not based upon violations of the United States Constitution and are therefore not cognizable under 28 U.S.C. section 2254.

In Reply, Petitioner asserts that grounds one and two in the instant Petition alleges ineffective assistance of counsel which is a violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Ground three in the instant Petition alleges a disproportionate sentence which is a violation of due process and the equal protection clause of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

Ground four in the instant Petition alleges an illegal sentence which is a violation of due process and cruel and unusual punishment of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Therefore, these grounds are based upon violations of the United States Constitution and are therefore cognizable under 28 U.S.C. section 2254. see: Cuyler vs Sullivan, 446 U.S. 335, 100 S.Ct. 1708 (1980) for grounds one and two.

3. In its third response, as to the merits of ground one in the instant Petition, the Respondent claims that Petitioner has failed to prove either of the two Strickland prongs in that he has not shown that his counsel's performance was deficient nor that he was prejudiced by his counsel's actions, and therefore the relief sought in regards to this issue must be denied.

In Reply, Petitioner asserts that in regards to his ineffective assistance of counsel claim in ground one in the instant Petition, that he has proved both of the two Strickland prongs in that he has fulfilled the prima facie burden of demonstrating that the failure of his trial counsel to file a timely motion to dismiss count one of the information, prior to trial, when the Probable Cause Arrest Affidavit attached hereto this Reply as Exhibit (A), clearly established that Petitioner did not delivery any cocaine to Detective R. Askintowicz, and showed, at best, that Petitioner was in possession of cocaine, allowed the State on the day of trial, after the jury had been sworn and selected, to make an orally motion to amend count one of the information to add the principle statute Section 777.011, and to argue the principle theory to the jury during closing argument, and this harmful aspect was used by the jury to infer the guilt of Petitioner for delivery of cocaine.

Therefore, the relief sought in regards to this issue should be granted.

4. In its fourth response, as to the merits of ground two in the instant Petition, the Respondent claims that the record clearly shows that Petitioner

was declared to be a habitual offender and that he was sentenced, after trial by jury as a habitual offender, and as Petitioner was properly sentenced outside the guidelines, pursuant to section 775.084(4), Florida Statutes, he cannot claim that he was prejudiced because he simply feels that the prosecutor thought that he could seek a habitual offender sentence within the sentencing guideline, and that having failed to show that there is a violation of a constitutional right and further it being clearly evident that there is a purely state sentencing issue here with no prejudice shown by Petitioner to himself, Petitioner's claim must be denied as not properly presented in the instant Petition.

In Reply, Petitioner asserts that it is well settled law in Florida that a habitual offender sentence is exempt from the operation of the sentence guidelines. see: Holley vs State, 577 So. 2d 624 (Fla. 1st DCA 1991); Owens vs State, 560 So. 2d 1261 (Fla. 1st DCA 1990); King vs State, 557 So. 2d 899 (Fla. 5th DCA 1990). See also: Section 775.084 (4)(e), Florida Statutes (1997). Therefore, there is no excuse for trial counsel's failure to advise the prosecutor and the trial judge of this fact when the prosecutor offered Petitioner a plea to the top of the guidelines as an habitual offender sentence, and such omission by trial counsel was the reason why Petitioner rejected the prosecutor's plea offer because of his personal awareness of the possibility and reasonable consequences of habitualization. Petitioner further asserts that he has shown that he was prejudiced by trial counsel's failure to advise the prosecutor and the trial judge that a habitual offender sen-

tence was exempt from the sentencing guidelines when there was case law already decided upon which to base this fact, and that he has shown a Sixth Amendment constitutional right, and that this claim should be granted as properly presented in the instant Petition.

5. In its fifth response as to the merits of ground three, the Respondent claims that Petitioner was equally culpable as his co-defendant because only one crime was committed and the role of Petitioner clearly shows his participation and the fact that Petitioner's co-defendant chose to accept a plea offered by the State and that Petitioner chose to go to trial and the differing sentences each received as a result of his decision cannot be said to be disproportionate, and that Petitioner did not submit that he and his co-defendant were alike in every respect and were thus deserving of similar sentences, and that Petitioner did not submit no claim that shows the violation of a constitutional right and only submits a claim that is based purely on state sentencing issues, and therefore is not cognizable in the instant Petition and must be denied.

In Reply, Petitioner asserts that if he is equally culpable as his co-defendant and is responsible for acts of his co-defendant he should have received the same treatment as his co-defendant. See: Slater vs State, 316 So. 2d 539, 542 (Fla. 1975). Petitioner further asserts that the Respondent is incorrect in its claim that Petitioner did not submit that he and

his co-defendant were alike in every respect and were thus deserving of similar sentences, when Petitioner did submit in his Memorandum of Law in support of his Petition for Writ of Habeas Corpus on page No. 5 that co-defendant, Robert Mauney had been convicted for felonies three times that qualified him as an habitual felony offender pursuant to section 775.-084(1)(a)(1), Florida Statutes (1997), as Petitioner, and that if Petitioner had been offered the same plea and sentence as an non-habitual offender as his co-defendant that he would have accepted it and would have received the same sentence as his co-defendant, and therefore the differing sentences Petitioner and his co-defendant received was disproportionate.

Petitioner further avers that under the facts and circumstances in regards to this issue, it clearly shows a violation of due process and equal protection of law under the Fifth and Fourteenth Amendment to the United States Constitution and is therefore cognizable in the instant Petition and should be granted.

6. In its sixth response, as to the merits of ground four, the Respondent claims that Petitioner's fourth ground for relief is a purely state sentencing issue and is not properly presented in the instant petition.

In Reply, Petitioner asserts that an illegal sentence is fundamentally unfairness and a miscarriage of justice and presents exceptional circumstances, and thus violates a petitioner's Fifth, Eighth and Fourteenth Amendment right to due process of law and subjects a petitioner to cruel and unusual punishment, and

therefore is cognizable in a Petition for Writ of Habeas Corpus and is properly presented in the instant Petition.

CONCLUSION

WHEREFORE, based on the foregoing, Petitioner respectfully requests that the instant Petition for Writ of Habeas Corpus be granted.

Respectfully submitted,

Adrian McDonald

Adrian McDonald #082165

mail #487d

Desoto Correctional Institution

13617 S.E. Highway 70

Arcadia, Florida 34266-7800

In Pro se

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Petitioner's Reply In Rebuttal To The Respondent's Response To Petition For Writ of Habeas Corpus/Memorandum Of Law, has been furnished to Rajeev Saxena, Assistant Attorney General, 1655 Palm Beach Lakes Blvd., Third Floor, West Palm Beach, Florida 33401-2299 by U.S. Mail delivery this 10 day of MAY 2000.

Adrian McDonald

Adrian McDonald # 082165

EXHIBIT (A)

COMPLAINT AFFIDAVIT

BROWARD COUNTY ARREST NO. BS97-16561

OBTS. NO.

| FILING AGENT | OFFENSE REPORT | LOCAL I.D. NO. | FDLE | FBI | SS NO |
|---|---|---|---|---|---|
| BS BIKE | BS97-07-08140 | | | | 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 |

| DEFENDANT'S LAST NAME | FIRST | MIDDLE | SUF | ALIAS/STREET NAME | CITIZENSHIP |
|---|---|---|---|---|---|
| MCDONALD | ADRIAN | MYRIC | | | |

| RC. | SEX | HGT. | WGT. | EYES | HAIR | COMP. | AGE | D.O.B. | BIRTHPLACE | SCARS, MARKS, TT |
|---|---|---|---|---|---|---|---|---|---|---|
| B | M | 5'10 | 187 | BROWN | BLACK | MED | 31 | 9/16/65 | FT LAUDERD FL | "TANK" ON LEFT ARM |

PERMANENT ADDRESS: 5290 NE 9 TE, POMPANO BEACH FL 33064

LOCAL ADDRESS:

PLACE OF EMPLOYMENT: FLACKS PAINT 18 STREET AND FEDERAL HIG — LENGTH:

RESIDENCE TYPE: COUNTY

| HOW LONG DEFENDANT IN BROWARD COUNTY | BREATHALYZER BY/CCN | READING | PLACE OF ARREST | DATE/TIME ARRESTED | ARRESTING OFFICER(S) CCN |
|---|---|---|---|---|---|
| | | | | 07/15/97 2105 | BALDWIN,MATT 8120 |

| OFFICER INJURED | UNIT | ZONE | AREA | SHIFT | UNIT TRANSPORTING PRISONER | TRANSPORTING OFFICER/CCN | PICK-UP-TIME- / TIME ARRIVED AT BSO | DRUG TYPE |
|---|---|---|---|---|---|---|---|---|
| | BS | 905 | CIRC | 2105 | | | | |

NARCOTICS: DELIVER COCAINE - CRACK; POSSESS COCAINE - CRACK

INDICATION OF: ALCOHOL INFLUENCE / DRUG INFLUENCE

ATTACH DEFENDANT'S PHOTO

DEFENDANT'S VEHICLE-MAKE ____ TYPE ____ YEAR ____ COLOR ____

VIN NO. ____

VEHICLE TOWED TO ____ TAG NO. ____ OTHER IDENTIFIERS OR REMARKS ____

FRESH START

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) ADDRESS PHONE #

| COUNT NO. | Mag.Code/ Capias-Warrant# | Bond | OFFENSES CHARGED F.S.S. | UCR | CITATION #, IF APPLICABLE |
|---|---|---|---|---|---|
| 1 | POSSESSION OF COCAINE 3FY | 1,000 | 893.13 | 350A | |
| 2 | Delivery of Cocaine | | 893.13 | | |

## PROBABLE CAUSE AFFIDAVIT

Before me this date personally appeared 8120 BALDWIN,MATT who being first duly sworn deposes and says that on day 07/15/97, 19 at 4791 N DIXIE HY POMPANO BEACH FL 33064 (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

On 07/15/97 at approximately 2105 HRS. the District 9 S.E.T. conducted a buy bust operation. Detective Askintowicz working in an undercover capacity was approached by co-defendant who asked him, "what do you need?". Co-Defendant then walked over to MCDONALD,ADRIAN/ARRESTE who reached into his waistband and retrieved one piece of field test positive crack-cocaine. Co-Defendant then delivered the above mentioned drug to undercover Detective Askintowicz for an exchange of ten dollars of prerecorded B.S.O. funds. Back up units moved in and upon approach BALDWIN,MATT/PERSON-REPORTING witnessed MCDONALD,ADRIAN/ARRESTEE throw a white plastic container to the ground which was immediately retrieved

I swear the above statement is correct and true to the best of my knowledge and belief.

[signature] OFFICER/AFFIANT'S SIGNATURE — BALDWIN,MATT 8120 OFFICER'S NAME/CCN — BS BIKE OFFICER'S DIVISION

STATE OF FLORIDA COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this 15 day of JULY, 19 97, who is personally known to me or who has produced (ID Type) CED as identification and who DID (DID OR DID NOT) take an oath

(SEAL OR STAMP)

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY — DET-5741 TITLE OR RANK/CCN

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA
BSODB #2 (REV 9/91)

FIRST APPEARANCE/ARREST FORM

SHOULD ADDITIONAL SPACE BE NEEDED, USE PROBABLE CAUSE AFFIDAVIT CONTINUATION.

Orig. - Court
2nd - State Atty
3rd - Filing Agency
4th - Arresting Agency

0001

NOTE. This factual account is offered for the limited purpose of establishing probable cause to validate the above-named individual's arrest. The incident and other supplemental report(s) will provide a comprehensive factual account.

COMPLAINT AFFIDAVIT

BROWARD CO. ARREST NO.: BS97-16562 PROBABLE CAUSE AFFIDAVIT CONTINUATION

OBTS. NO.:

| DEFENDANT'S LAST NAME | FIRST | MID | SUF | HGT | WGT | RC | SEX | OFFENSE REPORT | ARRESTING OFFICER(S)/CCN |
|---|---|---|---|---|---|---|---|---|---|
| MCDONALD | ADRIAN | MYRI | | 5'10 | 187 | B | M | BS97-07-08140 | BALDWIN,MATT 8120 |

| NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) ADDRESS | PHONE # |
|---|---|
| | |

| COUNT NO. | Mag.Code/ Capias-Warrant # | OFFENSES CHARGED Bond | F.S.S. | CITATION #, IF APPLICABLE |
|---|---|---|---|---|
| | | | | |

FRESH START

Before me this date personally appeared 8120 BALDWIN,MATT , who being first duly sworn deposes and says that on ________ day 07/15/97 , 19 97 at POMPANO BEACH FL (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

containing approximately 2 grams of crack-cocaine consisting of 9 good sized field test positive rocks. Furthermore MCDONALD,ADRIAN/ARRESTEE had also thrown the prerecorded funds to the ground in front of the take down vehicle that I was in and these monies were also readily retrieved.

I swear the above statement is correct and true to the best of my knowledge and belief.

[signature] BALDWIN,MATT 8120 BS BIKE

OFFICER/AFFIANT'S SIGNATURE OFFICER'S NAME/CCN OFFICER'S DIVISION

STATE OF FLORIDA COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this 5 day of JULY , 19 97 who is personally known to me or who has produced (ID Type) LEO as identification and who DID take an oath.

(DID OR DID NOT)

(SEAL OR STAMP)

[signature] DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY

DET 5749 TITLE OR RANK/CCN

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA
BSO08 2A (REV 9/91)

FIRST APPEARANCE/ARREST FORM

Orig. - Court
2nd - State Atty
3rd - Filing Agency
4th - Arresting Agency

NOTE: This factual account is offered for the limited purpose of establishing probable cause to validate the above-named individual's arrest. The incident and other supplemental report(s) will provide a comprehensive factual account.