UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2000-6153-CIV-ZLOCH
MAGISTRATE JUDGE SORRENTINO

ADRIAN McDONALD,                         :

      Petitioner,                      :

v.                                       :     REPORT OF
                                               MAGISTRATE JUDGE
MICHAEL W. MOORE,                        :

      Respondents.                     :
_____

## Introduction

Adrian McDonald has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences for delivery of cocaine and possession of cocaine, entered on February 13, 1998, following a jury trial in Broward County Circuit Case No. 97-13822-CF.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition (DE1) and Memorandum of Law (DE#4), the Court has the response of the state to an order to show cause with multiple exhibits (DE#12), and the petitioner's reply. (DE#13).

McDonald raises the following claims:

1. Ineffective assistance of trial counsel, who failed to file a timely motion to dismiss Count One of the Information prior to trial.

2. Ineffective assistance of trial counsel, who failed to argue that a habitual offender sentence is exempt from the operation of the sentencing guidelines.

3. His sentence for delivery of cocaine is disproportionate with that of his codefendant, because he is less culpable than his codefendant.

4. His habitual sentence is an illegal hybrid sentence.

Factual and Procedural History[1]

On July 15, 1997, Detective Richard Askintowicz was working undercover, with two other officers, Detectives Matt Baldwin and

---

[1] These facts were gleaned from the Statement of Facts section of McDonald's state appellate brief. (DE#12 Composite Ex.5 Appellate Brief at 2-3).

Steve Cady, who served as backup and observed the transaction from 75 yards away. Detective Askintowicz drove to a parking lot of a Circle K and approached Robert Mauney. He told Mauney that he wanted a ten cent piece. Mauney turned and walked toward the petitioner Adrian McDonald. The detectives observed a transaction between the Mauney and McDonald, where McDonald reached into his waistband, removed something, and placed it in Mauney's hand. Mauney then walked back to Detective Askintowicz and gave him a piece of rock cocaine in exchange for ten dollars. The detective left the area and radioed the other detectives with a description of the two men, advising them to move in and arrest them. When Detective Baldwin approached McDonald he threw down a white plastic vial with a brown paper stopper, cocaine, and the buy-money. Detective Baldwin retrieved these items immediately. Detective Askintowicz drove by and identified Mauney and McDonald.

On July 31, 1997, the petitioner and codefendant Robert Darnell Mauney were charged by Information with delivery of cocaine (Count One), and possession of cocaine (Count Two). (DE#12 Ex.1).

McDonald proceeded to jury trial, where he was found guilty as charged. (DE#12 Ex.2). On February 13, 1998, he was sentenced as an habitual felony offender to 20 years imprisonment, followed by ten years probation as to Count One, and five years imprisonment as to Count Two. (DE#12 Ex.3).

McDonald prosecuted a timely appeal, in which he raised the following claim:

> The trial court improperly permitted appellant's witness to be impeached where the in-court testimony was inconsistent with the witness' deposition testimony.

(DE#12 Ex.5 at iii).

On November 25, 1998, the Court of Appeal per curiam affirmed. McDonald v. State, 727 So.2d 941 (Fla. 4 DCA 1998). The mandate issued on December 11, 1998. (DE#12 Ex.7).

On January 5, 1999, McDonald filed a state motion for post conviction relief, in which he raised the following claims:

1. Ineffective assistance of trial counsel who failed to file a timely motion to dismiss prior to trial.

2. Ineffective assistance of trial counsel, who failed to argue that an habitual offender sentence was exempt from the operation of the sentencing guidelines.

3. Ineffective assistance of trial counsel, who failed to file a timely motion for new trial.

      4.    Illegal hybrid habitual sentence.

(DE#12 Ex.8).

On July 26, 1999, the trial court entered its written order adopting the state's response denying the motion. (DE#12 Ex.10). McDonald appealed, and on December 22, 1999, the Fourth District Court of Appeal per curiam affirmed. McDonald v. State, 751 So.2d 591 (Fla. 4 DCA 1999). The mandate issued on January 21, 2000. (DE#12 Ex.15).

McDonald filed this timely federal petition for writ of habeas corpus on January 27, 2000. (DE#1 at 7).

## Discussion

### Claim One

The petitioner asserts ineffective assistance of trial counsel, who failed to file a timely motion to dismiss Count One of the Information prior to trial.

In order for a petitioner to prevail on a claim of ineffective assistance of counsel, he must establish that 1) his counsel's representation fell below an objective standard of reasonableness, and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have

been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Thus, McDonald must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result.

McDonald contends that since he did not actually deliver the cocaine to the detective he should not be charged with delivery of cocaine. He argues that he merely handed the cocaine rock to his codefendant Mauney, who delivered the cocaine to the undercover detective.

McDonald is mistaken. He and Mauney were clearly involved in the sale of crack cocaine to Detective Askintowicz. <u>Lovette v. State</u>, 636 So.2d 1304, 1306 (Fla. 1994)("One who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime.")

Accordingly, counsel cannot be considered deficient for failing to file a meritless motion to dismiss.

## Claim Two

The petitioner asserts ineffective assistance of trial counsel, who failed to argue that a habitual offender sentence is exempt from the operation of the sentencing guidelines.

In essence, McDonald argues that during plea negotiations, counsel should have argued that McDonald would have accepted a plea offer of 34.625 months without the habitual offender classification. (DE#1 Memo at 3). However, there is no indication that the state was willing to waive the habitual offender status portion of the plea.

The record reflects that McDonald was convicted of delivery of cocaine, a second degree felony, pursuant to Fla.Stats. §893.03(2)(a)(4) and §893.13(1)(a)(1). (DE#12 Ex.2). He was sentenced as an habitual felony offender to 20 years imprisonment, followed by ten years of probation. (DE#12 Composite Ex.3). A habitual felony offender who is convicted of a second degree felony may be sentenced to a term not exceeding 30 years. Fla.Stat. §775.084(4)(a)(2). The sentence was proper, since McDonald's sentence is within the range set out by the habitual offender statute.

Accordingly, the petitioner is entitled to no relief based on this claim of ineffective assistance of trial counsel.

### Claim Three

The petitioner asserts that his sentence for delivery of cocaine is disproportionate to that of his codefendant, because he is less culpable than his codefendant.

In its response, the state argues that this claim is procedurally barred from federal review because McDonald failed to exhaust it in the state forum.

Issues raised in a federal petition for writ of habeas corpus must have been fairly presented in the state courts and thereby exhausted. <u>Anderson v. Harless</u>, 459 U.S. 4 (1982); <u>Hutchins v. Wainwright</u>, 715 F.2d 512 (11 Cir. 1983).

Review of the record reveals that McDonald did not raise this claim in his state motion for post conviction relief. He included it in his motion for rehearing and reconsideration of decision of his state motion for post conviction relief. (DE#12 Ex.11 at 3 ¶6).

It is well settled under federal and state law that an appellant may not appropriately raise an issue for the first time

in a reply appellate brief, or for the first time in a petition for rehearing by an appellate court. United States v. Fiallo-Jacome, 874 F.2d 1479, 1481 (11 Cir. 1988); Alvarado v. State, 466 So.2d 335, 338 (Fla. 2 DCA 1985). Accordingly, this claim is not properly exhausted. Moreover, any attempts to exhaust this claim would be futile, since McDonald has already filed a direct appeal and state motion for post conviction relief.

In any event, codefendants need not necessarily receive the same sentences, Edwards v. United States, 795 F.2d 958, 961 n.2 (11th Cir. 1986). A sentencing court is not obligated to consider codefendants' sentences when imposing a sentence on a particular defendant, and mere disparity of sentences among codefendants does not, alone, constitute abuse of discretion. United States v. Castillo-Roman, 774 F.2d 1280, 1283 (5th Cir. 1985). A defendant cannot rely upon his codefendants' sentences as a yardstick for his own, United States v. Hayes, 589 F.2d 811, 827 (5th Cir. 1979), cert. denied, 444 U.S. 847 (1979), and this Circuit has held that challenges to sentencing merely because a codefendant received a less severe penalty are frivolous, and provide no basis for disturbing the complaining petitioner's sentence. U.S. v. Hendreith, 922 F.2d 748, 752 (11th Cir. 1991); U.S. v. Bushert, 997 F.2d 1343, 1355 (11th Cir. 1993).

Claim Four

The petitioner asserts that his habitual sentence is an illegal hybrid sentence.

In its response, the state correctly argues that this is purely a state sentencing issue, which is not properly presented in this petition. (DE#12 Memo at 13).

It is well settled that a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989); Machin v. Wainwright, 758 F.d 1431, 1433 (11 Cir. 1985); Carrizales v. Wainwright, 699 F.2d 1053 (11 Cir. 1983). More specifically, the Eleventh Circuit has consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. Branan v. Booth, 861 F.2d 1507 (11 Cir. 1988), and cases cited. Federal habeas corpus review of a state law claim is precluded if no due process violations or facts indicating such violations are alleged. Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. Id. at p. 1508, quoting Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5 Cir. 1976).

Moreover, as discussed in Claim Two, McDonald's habitual offender sentence of 20 years imprisonment followed by ten years of probation does not exceed the statutory maximum sentence of 30 years set out in the Florida habitual offender statute. <u>Fla.Stat.</u> §775.084(4)(a)(2).

## Conclusion

It is therefore recommended that this federal petition for writ of habeas corpus be denied.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Dated: October 6, 2000

UNITED STATES MAGISTRATE JUDGE

cc: Adrian McDonald, <u>Pro Se</u>
DC #082165
DeSoto Correctional Institution
P. O. Drawer 1072
Arcadia, FL 34265-1072

Rajeev Saxena, AAG
1655 Palm Beach Lakes Blvd.
Third Floor
West Palm Beach, FL 33401