UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADRIAN MCDONALD,
    Petitioner,

vs.

MICHAEL W. MOORE,
    Respondent.

CASE NO. 2000-6153-CIV-ZLOCH
MAGISTRATE JUDGE SORRENTINO

## OBJECTIONS TO REPORT AND RECOMMENDATIONS

The Petitioner hereby objects to the report and recommendations of the United States Magistrate and says as follows:

1. The Petitioner was denied effective counsel under _Strickland vs Washington_, 466 U.S. 668, 104 S.Ct. 80 L.Ed.2d 674 (1984) in that his private counsel failed to file a timely motion to dismiss count one of the information prior to trial where the information failed to set forth the principle statute section 777.011, Florida Statute (1997), the essential element to charge Petitioner with delivery of cocaine. The absence of the timely motion to dismiss count one of the information was crucial. It allowed the State on the day of trial after the jury had been selected and sworn, to make an orally motion to amend count one of the information to add

(1)

COPIES NOT REQUIRED



the principle statute Section 777.011, Florida Statutes (1997), which was unduly prejudicial to substantial rights of Petitioner in that it changed the substance of the information and embrassed Petitioner in the preparation of a defense, and trial counsel's failure to file a timely motion to dismiss count one of the information was so below the standards of competency that it unduly prejudice the case against Petitioner.

2. The Petitioner was further denied effective counsel under <u>Strickland vs Washington</u>, 466 U.S. 668, 104 S.Ct. 80 L.Ed. 2d 674 (1984) in that his private counsel during the negotiated plea bargain failed to advise the prosecutor and the trial court that a habitual offender sentence is exempt from the operation of the sentencing guidelines under Section 775.084(4)(e), Florida Statutes (1997) and <u>Holley vs state</u>, 557 So. 2d 624 (Fla. 1st DCA 1991); <u>Owens vs state</u>, 560 So. 2d 1261 (Fla. 1st DCA 1990) and <u>King vs state</u>, 557 So. 2d 899 (Fla. 5th DCA 1990), when the prosecutor offered Petitioner a sentence of 34.625 state prison months at the top of the sentencing guidelines as an habitual felony offender in exchanged for a plea of guilty.

Counsel failure to bring to the prosecutor and the trial court's attention during the negotiated plea bargain that a habitual offender sentence is exempt from the operation of the sentencing guidelines when the prosecutor offered Petitioner a sentence of 34.625 state prison months at the top of the sentencing guidelines as an habitual felony offender cannot be excused when there was binding statutory and case law upon which to base this fact. Such omission by trial counsel was the reason why Peti-

(2.)

tioner rejected the prosecutor's plea offer because of his personal awareness of the possibility and reasonable consequences of habitualization, and if trial counsel had made the prosecutor and the trial court aware that a habitual offender sentence is exempt from the operation of the sentencing guidelines, there's a reasonable probability that the prosecutor would have agreed to exclude the habitual offender status from the sentence it offered in exchanged for a plea of guilty, and the trial would have accepted such offer, and that Petitioner would have accepted such sentence as non-habitual and would have received a lesser sentence that the 20 years imprisonment as an habitual felony offender to be followed by 10 years probation that he is currently serving.

The Magistrate Judge failed to acknowledge that the reason why there is no indication that the prosecutor was willing to waive the habitual offender status portion of the plea is because it was never brought to the attention of the prosecutor and the trial court during the plea negotiation that a habitual offender sentence was exempt from the operation of the sentencing guidelines and if trial counsel had made the prosecutor and the trial court aware of this fact the prosecutor may have been willing to waive the habitual offender status portion of the plea, and trial counsel's failure to bring this fact to the attention of the prosecutor and the trial court was so below the standards of competency that it unduly prejudiced the case against Petitioner.

3. Petitioner concedes and do not object to claims three and four.

WHEREFORE, Petitioner seeks an order granting the Petition for Writ of Habeas Corpus as to his first two claims.

Respectfully submitted,

*Adrian McDonald*

Adrian McDonald #082165
Mail # 4842
Desoto Correctional Institution
13617 S.E. Highway 70
Arcadia, Florida 34266-7800

In Prose

(4)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Objections To Report And Recommendations has been furnished to Rejeey Saxena, Assistant Attorney General, 1655 Palm Beach Lakes Blvd., Third Floor, West Palm Beach, Florida 33401-2299 by U.S. Mail delivery this 14 day of OCTOBER 2000.

*Adrian McDonald*

Adrian McDonald #082165

(5)